RICHARD L. SCARLETT, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

An indictment for obtaining property under false pretences must show that the false pretence relates to a past event, or of a fact having a present existence, and not to something to happen in the future, unless such false pretence is made in writing and signed by the party to be charged; otherwise the indictment charges the defendant with no offense known to the criminal laws of this State.

Writ of error to the Circuit Court for Washington county.

The facts of the case are stated in the opinion of the court.

*Liddon & Carter* for Plaintiff in Error.

The *Attorney-General* for Defendant in Error.

MITCHELL, J.: The plaintiff in error was convicted at the Spring term of the Circuit Court, in the year 1888, for obtaining money under false pretences, and the cause comes here upon writ of error from the order of the Circuit Court overruling the motion for new trial and arrest of judgment.

Several errors are assigned and insisted upon, but we confine ourselves to the discussion of only one of them: That the indictment is insufficient.

The indictment is under section 42 of McClellan's Di-

gest, page 364, as follows: "Whoever designedly, by a false pretence, or by a privy or false token, and with intent to defraud, obtains from another person any property, or obtains, with such intent, the signature of any person to a written instrument, the false making whereof would be punishable as forgery, shall be punished ***; but the provisions of this section shall not apply to any purchase of property by means of a false pretence relating to the purchaser's means or ability to pay, when by the terms of the purchase, payment for the same is not to be made upon or before the delivery of the property purchased, unless some pretence is made in writing and signed by the party to be charged."

The indictment contained three counts, each of which the defendant moved to quash; the court sustained the motion as to the second count, but overruled it as to the first and third.

The jury acquitted the defendant as to the third count, but convicted him on the first count, and this count we will treat as the indictment in the case.

The indictment, in substance, charges that the defendant, on the 15th day of November, 1887, unlawfully, wilfully, designedly and by false pretence and token, with intent to defraud Christian Schlaer, a German, ignorant of the English language, he not being able to read or write one word of the English language, that he, defendant, would pay Schlaer for six barrels of wine of the value of $300 in a check upon the defendant's bank, in the city of Indianapolis, Indiana, and that by reason of said false pretence and token, Schlaer was induced to part with said wine to the defendant, the wine being the property of Schlaer. That the defendant, after the sale and deliver of the wine to him by Schaelr, tendered and delivered to Schlaer a paper writing in the English language and fig-

ures, calling for $252.57, with statement on back in English figures, calling for $315.69 which he, the defendant, represented to Schlaer to be his check upon his bank in Indianapolis, in payment for the wine, which, in fact and in truth, was not a check upon defendant's bank, which fact and truth was known fully to the defendant at the time he tendered and delivered the said writing to Schlaer.

It was evidently the intention of the indictment to charge the defendant with a violation of the first clause or paragraph of the section of the statute under which the defendant was indicted, that is, that the defendant, by false pretense, with the intention to defraud Christian Schlaer, induced Schlaer to sell and deliver to him the wine he had bought of Schlaer, upon a promise by the defendant that he would afterwards pay Schlaer for the wine in a check on his, defendant's, bank, at Indianapolis. This alleged false pretense related to something to be done in the future; something to be done after Schlaer sold and delivered the wine to the defendant, and, for this reason, the indictment charged the defendant with no offense known to the laws of this State. To bring a case with the first clause of the section of the statute, the false pretence must relate to a past event, or of a fact having a present existence, and not of something to happen in the future. State v. Evers, 49 Mo., 542: Dillingham v. State, 5 Ohio St., 280; Johnson v. State, 41 Texas, 65; 2 Bishop's Criminal Law, 415 to 420, and cases cited; 2 Wharton's Criminal Law, section 1173; State v. Haines, 23 S. C., 170.

It is not, legally, a crime to promise to pay a given sum of money at a given date, and fail to comply with the promise; nor is it a crime to promise to pay a debt in a check on a bank, and not do so, and yet this is an offense with which it is sought to charge the defendant.

The indictment was not under the second clause of the statute, because it nowhere charges the defendant with any false pretence as to his, defendant's, means or ability to pay for the wine he bought of Schlaer.

The judgment of the court below is reversed, and the cause remanded with instructions that the indictment be quashed, and for further proceedings not inconsistent with this opinion