(72 App. Div. 90.)

## PEOPLE v. WHITEMAN.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

1. LARCENY—SUFFICIENCY OF EVIDENCE.

On a conviction for grand larceny in the second degree, the evidence showed that defendant, who was registered at a hotel under an assumed name, cashed a check, payable to his order under the assumed name, in payment of his board bill, receiving a difference in money. He made no representations, and was asked no questions as to the check. It was returned marked "No funds," the drawer not having had a deposit in the bank for more than three years. Defendant stayed at the hotel for two days after the transaction, but left before the check was returned. When arrested, he offered to make the check good. *Held,* that the evidence was insufficient to warrant a conviction under Pen. Code, § 529, for obtaining money willfully and with intent to defraud by color or aid of a check, knowing that the drawer or maker thereof was not entitled to draw on the drawee for the sum specified therein.

2. SAME.

Neither was the evidence sufficient to warrant a conviction under Pen. Code, § 528, for obtaining money by color or aid of fraudulent or false representation or pretense, with intent to defraud.

3. SAME—FALSE REPRESENTATION.

To sustain a conviction under Pen. Code, § 528, for grand larceny in the second degree for obtaining money by color or aid of a fraudulent representation, in passing a bank check with intent to defraud, the false representation must have some bearing upon the question as to whether the check will be paid, or relate to the responsibility of the drawer or payee.

Appeal from court of general sessions, New York county.

Alonzo J. Whiteman was convicted of grand larceny in the second degree, and appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Amos H. Evans, for appellant.
Howard S. Gans, for the People.

LAUGHLIN, J. On the 15th day of November, 1900, the defendant was presented with a bill for $35.45 for board and lodging at the Hotel Navarre, where he had previously registered under the name of John D. Wilson. He stepped up to the cashier's window, and handed the bill to the cashier, together with a check for $100, purporting to have been drawn by Arthur Dolan, Jr., on the Gerard Trust Company of Philadelphia, dated that day, and payable to the order of John D. Wilson, and so indorsed. He made no express representation, and was asked no question. The cashier delivered to him $64.45, the difference between the face of the check and his bill. The check was in the due course of business forwarded to Philadelphia for collection, and returned marked "No funds." The defendant remained at the hotel a couple of days after giving the check, but departed before it was returned dishonored. It was shown that no person by the name of Arthur Dolan, Jr., had had an account with the Gerard Trust Company for more than three years. The cashier knew nothing of the defendant, except that he had reg-

istered at the hotel under the name of John D. Wilson. Upon these facts the defendant was arrested, and subsequently indicted.

The indictment contains two counts, one charging grand larceny in the second degree, under section 528 of the Penal Code, in obtaining the money "by color or aid of fraudulent or false representation or pretense," with "intent to deprive or defraud" the proprietor of the hotel whose money was thus obtained; and the other charging grand larceny in the second degree, under section 529, Id., in obtaining the money willfully and with intent to defraud the owner "by color or aid" of the check, knowing "that the drawer or maker thereof" was "not entitled to draw on the drawee for the sum specified therein, * * * although no express representation" was "made in reference thereto." It was shown that the defendant, on being arrested and informed that the arrest was on a warrant "on a bad check in the Hotel Navarre," said to the officer on the way to the station house, "Now, we can straighten this matter out. I can get money and make good that check. You have no feeling against me, have you?" No other material evidence was introduced by the people, and the defendant did not take the stand.

There can be no doubt, we think, that the evidence is wholly insufficient to warrant a conviction under section 529 of the Penal Code. The evidence does not fairly justify the inference that the defendant willfully, with intent to defraud, obtained the money on the check with knowledge that Dolan was not entitled to draw against the Philadelphia bank for the amount thereof. The most that can be inferred from this evidence as tending to show a violation of the section lastly referred to is that he was known to Dolan by an assumed name, and that the check was made payable to his order under an assumed name, in which he indorsed it and obtained the money. This is not necessarily inconsistent with his innocence of the fact that Dolan did not have an account with the Gerard Trust Company which was good for the amount of the check.

The question of the sufficiency of the evidence to hold the defendant under section 528 of the Penal Code for obtaining money "by color or aid of fraudulent or false representation or pretense," with intent to deprive the true owner thereof, is not so free from doubt. The jury were doubtless justified in finding, from all the facts and circumstances, that he deceived the cashier with reference to his true name, and that in obtaining the money he falsely represented or pretended that his true name was John D. Wilson. People v. Court of Oyer & Terminer of New York Co., 83 N. Y. 436, 453; Fowler v. People, 18 How. Prac. 493; Kling v. Bank, 21 App. Div. 373, 47 N. Y. Supp. 528; People v. Pinckney, 67 Hun, 428, 22 N. Y. Supp. 118. If the facts and circumstances were such as to indicate that the check would not have been cashed on his credit if it had been payable to his order by his true name, then probably his conviction would have been justified; but it does not appear that the cashier was led by the fictitious name to believe that he was another individual, of financial responsibility. The credit was given to him, and he remained liable civilly. The cashier was in no manner misled, except as to the fact that he had registered under

an assumed name. The false pretense or representation with regard to his true name is not what deprived the owner of his property. The check was cashed in the expectation that it was good and would be paid. Payment was not refused because of the fictitious name or indorsement of the payee, but solely because of the want of funds to the credit of the indorser. The false pretense or representation, to constitute larceny, must have some bearing upon the question as to whether the check will be paid, or relate to the responsibility of the drawer or payee. There is nothing to show or indicate that if he had registered in his true name, and the check had been payable in that name, the credit would not have been extended; and, as he was unknown, it is manifest that the credit was given to the individual, and not on the strength of a name, which could have had no financial strength in such circumstances.

We think that the evidence is not sufficient to sustain his conviction. The rule is necessarily quite different with reference to the criminal liability in having a personal check cashed, and in having a check payable to one's order cashed. In the former case, he is presumed to know the condition of his own bank account; but where a person asks to have a check payable to his order cashed, while he guaranties payment, it is evident that he may not know whether the account of the drawer of the check is good, and he will not be liable criminally unless he makes some express material representation, or knows that the check is not good. People v. Moore, 37 Hun, 84. Where neither the signature nor financial standing of the drawer or payee is known, there is no adequate protection afforded, either by the civil or criminal law, to one paying such a check without inquiry and obtaining satisfactory representations. In the case at bar, the people have failed to introduce evidence which tends to establish the guilt of the defendant beyond a reasonable doubt. The facts and circumstances are extremely suspicious, but they do not necessarily point to the guilt of the defendant, and are not inconsistent with his innocence; and the conviction, therefore, cannot stand. People v. Fitzgerald, 156 N. Y. 253, 50 N. E. 846.

The judgment should be reversed, and a new trial granted. All concur.