[No. 7831.   Decided February 9, 1909.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM C.
BINGHAM, *Appellant*.[1]

FALSE PRETENSES—EVIDENCE—SUFFICIENCY—IDENTITY—MISREPRE-
SENTING NAME—MATERIALITY.   The evidence is insufficient to sus-
tain a conviction for obtaining money under false pretenses, by
means of falsely representing that the accused was the owner and
indorser of a check indorsed by J. H. H. when in truth that was not
his name and neither the indorsement nor the check were his, where
it appears that he had assumed the name of J. H. H. and the check
was his property and he had a right to indorse the same in such
name, the only false statement being the misrepresentation as to his
name; since that was immaterial, and any representations implied
from presentation that the check was signed by the drawer, and
was the property of accused and indorsed by him, were all true.

Appeal from a judgment of the superior court for Walla
Walla county, Brents, J., entered May 18, 1908, upon a
trial and conviction of obtaining money under false pretenses.
Reversed.

*Cain & Hurspool*, for appellant.

*Otto B. Rupp* and *John H. McDonald*, for respondent.

RUDKIN, C. J.—An information was filed in the court be-
low charging the defendant with the crime of obtaining money
under false pretenses, committed as follows:

"That the said William C. Bingham, on the 6th day of
January, 1908, in the county of Walla Walla, then and there
being, did wilfully, unlawfully, feloniously, fraudulently, de-
signedly and with the intent to defraud one John G. Munt-
inga, and divers other persons to your informant unknown,
fraudulently, falsely, and designedly represent to said John
G. Muntinga and to A. F. Muntinga, agent of said John G.
Muntinga, that he, the said William C. Bingham, was named
J. H. Haskell and that a certain check dated January 6th,
1908, drawn on the First National Bank of Walla Walla, in
favor of J. H. Haskell and signed by 'L. Youdovitch & Co.,'

[1]Reported in 99 Pac. 735.

for the sum of twelve dollars, was a valid check and that he, the said defendant was the owner of the same and had the right to indorse and transfer the said check and that the indorsement thereon of 'J. H. Haskell' was the indorsement of said defendant; and the said defendant did then and there, by means of said false, fraudulent and pretended statements and representations, obtain from the said John G. Muntinga the sum of eleven dollars lawful money of the United States, property of the said John G. Muntinga, when in truth and in fact as the said defendant then and there well knew, his, the said defendant's name was not J. H. Haskell and said check was not the property of said defendant and said defendant did not have the right to indorse the same; and the indorsement 'J. H. Haskell' was not the indorsement of the said defendant."

The defendant was convicted before a jury, and from the judgment and sentence of the court, this appeal is prosecuted. The sufficiency of the testimony to sustain the conviction is the only question presented by the appeal. It appears that, on the 6th day of January, 1908, the appellant sold a stove which he had theretofore purchased under contract, and not paid for, to L. Youdovitch & Co., junk dealers of Walla Walla, for the sum of $12. The purchase price of the stove was paid by check on the First National Bank of that city. At the time of selling the stove, the appellant represented that his name was J. H. Haskell and the check was made payable to him under that name. Later in the day, the appellant presented the check to the prosecuting witness in payment of a bill for groceries amounting to ninety cents, receiving $11.10 in exchange. This is the money alleged to have been obtained under false pretenses.

The only representation made by the appellant at the time of presenting the check and obtaining the money, aside from representations that might be implied from the overt act of presenting the check in payment for the goods, was the false statement that his name was J. H. Haskell. Assuming that implied representations are sufficient to sustain a conviction

under our statute, the only representations that could be implied from the mere presentation of the check were, first, that the check was signed by the drawer; second, that it was the property of the appellant; and third, that the appellant had authority to indorse and negotiate it. All these representations were in fact true, so that the only thing left to sustain the conviction is the false statement as to the name of the appellant. There is nothing in the record to indicate that the name of the appellant was at all material, except in so far as it identified him as the owner of the check and the proper party to indorse it. He was in fact the owner of the check and had authority to indorse it in the name of Haskell; so that, for aught that appears in the record, the false statement as to the appellant's name was a naked lie, was not relied upon by the complaining witness, and could not have been the operating or moving cause that induced him to part with his money. *Commonwealth v. Drew*, 19 Pick. 179.

Whatever other offenses the appellant may have committed, he was not, in our opinion, guilty of the offense charged in the information, and the judgment must be reversed with direction to dismiss the action. It is so ordered.

FULLERTON, CHADWICK, MOUNT, and CROW, JJ., concur.