215 So.2d 318 (1968)
Harold YOUNGKER, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 1481.
District Court of Appeal of Florida. Fourth District.
October 25, 1968.
Rehearing Denied November 27, 1968.
*319 Marvin J. Emory, Jr., and Henry R. Carr, Miami, and Frank Clark, III, Indialantic, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
The defendant, Harold Youngker, Sr., was a building contractor in Brevard County, Florida. He was charged by separate counts of an information filed by the County Solicitor of Brevard County with perjury, embezzlement and grand larceny  all allegedly arising out of the construction of improvements by the defendant on four lots he owned in Brevard County. He was tried by a jury and found guilty on these counts of the information which will hereafter be discussed.
Count I of the information deals with the perjury charge. It alleges that on 24 March 1964 the defendant made an affidavit containing a false statement in violation *320 of F.S. 1963, Section 84.351, F.S.A. (now F.S. 1967, Section 713.35, F.S.A.). This statute applies the penalties for perjury to any person who willfully makes or furnishes an affidavit containing a false statement in connection with the improvement of real property in this state knowing that the one to whom it is furnished may rely on it, where the one to whom it is furnished parts with anything of value relying on the truth of such statement as an inducement to do so.
The record indicates that the defendant signed a document in the presence of a notary public which was entitled "Waiver of Lien". This document[1] contained language *321 to the effect that all subcontractors and materialmen had been fully paid for work done on the real property described in the affidavit through the third stage of construction. At the time the document was signed, certain subcontractors and materialmen had not been paid in full for all work performed and materials furnished through the third stage of construction.
The defendant attacks the judgment and sentence under Count I solely on the ground that the waiver of lien was not an "affidavit" within the meaning of F.S. 1963, Section 84.351, F.S.A., because it was not made under oath. An affidavit is by definition a statement in writing under an oath administered by a duly authorized person, Black's Law Dictionary, Fourth Edition. An oath may be undertaken by any unequivocal act in the presence of an officer authorized to administer oaths by which the declarant knowingly attests the truth of a statement and assumes the obligation of an oath. Markey v. State, 1904, 47 Fla. 38, 37 So. 53, 59. The notary public before whom the waiver of lien was signed identified the document, her signature, and that of the defendant. The notary testified, however, that her only act with respect to the document was the affixing of her seal, signature, and stamp.
Where an officer authorized to administer oaths identifies his signature on a jurat together with the signature of the person making the statement, this is prima facie evidence that the declarant was in fact sworn. In the present case, however, the express testimony of the officer negates the prima facie showing which might otherwise have been made by the identification of her signature on the jurat and that of the defendant.
From the testimony of the notary it is conclusively shown that she did not administer a verbal oath either by asking the defendant whether or not he swore to the statements in the waiver of lien or by asking him to sign the waiver of lien if he swore to the statements therein. In the absence of some verbal act by the officer or the defendant, is the mere signing of the waiver of lien by the defendant competent substantial evidence that defendant knowingly attested the truth of the statements in the waiver and assumed the obligations of an oath? We are compelled to the conclusion that the mere signing of the waiver of lien, under the facts and circumstances of this case, is not competent substantial evidence that the defendant knowingly assumed the obligations of an oath. In the first place, the form of the instrument is not that generally employed in drafting affidavits. Nowhere does it say that it constitutes an oath or affidavit of the defendant. Secondly, there was no evidence that the notary or any other person called the defendant's attention to the fact that the jurat on the lower left hand side of the page would be completed for the purpose of constituting the document a sworn statement. For all that appears from the record, the defendant may reasonably have concluded that he was signing a bare assertion as distinguished from a sworn statement. For these reasons, we conclude that the evidence was insufficient to constitute competent substantial evidence that the waiver of lien was an "affidavit" within the meaning of F.S. 1963, Section 84.351, F.S.A. Consequently, the judgment and sentence under Count I are reversed and the defendant is ordered discharged from said judgment and sentence, it appearing to the court from the entire record that no useful purpose would be achieved by ordering a new trial on Count I.
Count VI of the information charges embezzlement. It alleges that the defendant on 24 March 1964 used in excess of $100.00 from a payment made to him by the Bank of Melbourne and Trust Company on account of improving said real property in Brevard County, Florida, for purposes other than to pay for labor or services performed or materials furnished for the improvements on said real property while amounts for labor and services and materials furnished to or on account of *322 such improvements remained unpaid. The information charged an offense under F.S. 1963, Section 84.341(3), F.S.A. (now F.S. 1967, Section 713.34(3), F.S.A.) The information erroneously referred to Section 84.341 (2). This erroneous citation would not render the conviction invalid where the information clearly charged an offense and there is no showing that the erroneous citation misled the defendant to his prejudice. Masi v. United States, 5 Cir.1955, 223 F.2d 132. Under these circumstances the erroneous citation may be considered surplusage.
The only issue as to Count VI which merits consideration is whether or not the evidence was sufficient to support the verdict thereunder. The evidence indicates that the defendant received funds from the Bank of Melbourne pursuant to the aforementioned construction loan agreement for the purpose of improving certain specific real property in Brevard County, Florida. These funds were received in three installments, one on 19 February 1964 in the amount of $14,513.00, one on 6 March 1964 in the amount of $22,200.00, and one on 24 March 1964 in the amount of $22,200.00. These funds were deposited in the appellant's account at the Bank of Melbourne. Ledger cards and a check on this account admitted in evidence tend to establish that a judgment in favor of Beautyware Plumbing Supply Co., Inc. was paid from this account at least in part by the use of the funds received as aforesaid from the Bank of Melbourne.
F.S. 1963, Section 84.341(3), F.S.A., permitted the use of such loan proceeds to pay for "labor or services performed on or materials furnished" for the improvement on account of which the loan proceeds were advanced. We think the quoted language would also permit the use of such proceeds to satisfy a judgment based on a debt incurred for such labor, services or materials. Any other interpretation would lead to such absurd results that it could not be deemed to have been intended by the legislature.
The state, therefore, had the burden of proving that the judgment in favor of Beautyware Plumbing Supply Co., Inc. was not based on a debt for labor, services, or materials furnished for the improvement on account of which the loan proceeds were advanced by the bank. No evidence was submitted on this point. Consequently, the judgment and sentence under Count VI must be reversed. As to this count, it is our opinion that the ends of justice require the cause be remanded for a new trial on Count VI.
COUNTS VII, VIII, IX, and XII of the information charged the defendant with larceny under F.S. 1963, Section 811.021, F.S.A. These counts allege that on 24 March 1964 the defendant took, stole and carried away property belonging to Donald Henry Floyd; Universal Concrete, Inc.; East Coast Lumber and Supply Company; and Brevard Heating and Air Conditioning Corporation. The issue raised as to these counts is whether or not the evidence is sufficient to support the verdicts thereon.
The evidence indicates that the persons whose property was allegedly stolen were either contractors or materialmen who voluntarily supplied labor or materials or both to the defendant for the improvement of the said parcels of real property owned by the defendant. The materials and labor were supplied to the defendant pursuant to contracts between the defendant and the respective materialmen and contractors. Each of such contracts embodied either an express or an implied promise to pay for the labor and materials. At the time of trial (January 25, 1966) the defendant had not paid the debts thus incurred.
The pertinent language of F.S. 1963, Section 811.021, F.S.A., reads as follows:
"(1) A person who with intent to deprive or defraud the true owner of his property * * *
"(a) Takes from the possession of the true owner * * * or obtains from such person possession by color or aid *323 of fraudulent or false representations or pretense, or of any false token or writing * * * any money, personal property * * * or article of value of any kind * * *
"* * * * * *
"(c) * * * steals such property, and is guilty of larceny."
A conviction under this statute could be sustained either by proof of the elements of common law larceny which is embodied within the statute or by a showing of the crime of false pretenses which was formerly defined in F.S. 1955, Section 817.01, F.S.A. Anglin v. Mayo, Fla. 1956, 88 So.2d 918; Rosengarten v. State, Fla.App. 1965, 171 So.2d 591, 594.
The present record will not sustain a conviction of larceny in the common law sense because no "taking" has been shown. The term "takes" although not defined in the statute presumably carries the definition which has traditionally been assigned to it in reference to the crime of larceny, namely, a taking and carrying away of another's property without his consent. Kilbee v. State, Fla. 1951, 53 So.2d 533. The labor and materials allegedly stolen by the defendant were voluntarily delivered or supplied to him pursuant to contracts and for the purpose of incorporation in permanent improvements on his land. Thus, the element of "taking" within the meaning of the statute does not exist in the present case.
The next question is whether the facts will sustain a conviction under F.S. 1963, Section 811.021, F.S.A., for obtaining property "by color or aid of fraudulent or false representations or pretense". At most the evidence shows that the defendant made unfulfilled promises to pay for certain labor and materials. There is no evidence that defendant misrepresented his means or ability to pay. The state argues that at the time the defendant made these promises he did not intend to perform them; therefore, argues the state, the defendant made a false representation of his then present intention.
A fraudulent or false representation or pretense within the meaning of F.S. 1963, Section 811.021, F.S.A., is a false representation of a past or existing fact. Green v. State, Fla.App. 1966, 190 So.2d 614, 616. A promise to do something in the future, even though it be a false promise, is not a representation of a past or existing fact and will not support a conviction for false pretenses. Such was the holding of the Florida Supreme Court in Scarlett v. State, 1889, 25 Fla. 717, 6 So. 767, under statutory language essentially similar to that part of F.S. 1963, Section 811.021, F.S.A., which describes the crime of false pretenses. This rule was reiterated in Morris v. State, 1907, 54 Fla. 80, 45 So. 456.
Because the record contains no evidence of a taking by defendant or a false representation of a past or existing fact, it is our conclusion that there is no competent substantial evidence to sustain a conviction under F.S. 1963, Section 811.021, F.S.A., for larceny or false pretenses as charged in Counts VII, VIII, IX and XII of the information. The judgments on each of these counts are reversed, the sentences based on such judgments are vacated, and defendant is discharged as to said judgments and sentences. It appears to the court from the entire record that no useful purpose would be achieved by ordering a new trial on Counts VII, VIII, IX and XII.
Count XIII of the information also charges the defendant with larceny under F.S. 1963. Section 811.021, F.S.A. That count alleges that on or about 24 March 1964 the defendant did unlawfully take, steal and carry away certain property of the Bank of Melbourne and Trust Company valued in excess of $100.00.
Under the construction loan agreement of 10 February 1964 between defendant and the Bank of Melbourne and Trust Company, the bank agreed to lend various amounts to the defendant to enable him to construct improvements on his four lots in *324 Brevard County, Florida. The agreement provided the bank was to disburse the loan proceeds periodically as the work progressed. On 24 March 1964 the defendant signed the document referred to above as a waiver of lien in the office of the bank (see footnote 1). Defendant's brief admits that at the time he signed the waiver of lien he knew the bank would rely on it. In reliance on the waiver, the bank disbursed to the defendant in excess of $20,000.00. Such funds represented the third draw under the construction loan agreement. At the time the waiver of lien was executed all materials and labor furnished through the third stage of construction had not been paid in full. Hence, the statement in the waiver of lien to the effect that all labor and materials had been paid for through the third stage of construction was false. On the basis of these facts the jury found the defendant guilty under Count XIII.
The basic question raised by the defendant is the sufficiency of the evidence to sustain the verdict. The defendant contends that the record fails to show that he knew the affidavit was false at the time he signed it. He also contends that there was no showing he had an intent to defraud.
Except in cases where the evidence is totally circumstantial, it is well established that a jury verdict will not be disturbed on appeal on the ground of insufficiency of evidence if there is in the record substantial competent evidence of all essential facts. Evidence is substantial if a reasonable mind might accept it as adequate to support a conclusion. Miles v. State, 1948, 160 Fla. 523, 36 So.2d 182.
We will not discuss the question as to whether or not the facts would support a conviction of common law larceny under F.S. 1963, Section 811.021, F.S.A., because we are convinced that the record will support a conviction for false pretenses under that statute. The record indicates that all of the labor and materials which were unpaid up to 24 March 1964 were supplied to the defendant by various contractors and materialmen who dealt directly with the defendant. The record also indicates that the defendant, an experienced builder, personally signed the waiver of lien which contained the false statement. From these facts, the jury could reasonably have concluded that the defendant knew that labor and materials had been furnished to him up to 24 March 1964 for which he had not paid and that the waiver of lien, therefore, contained a false statement. Needless to say, the jury also reasonably could have inferred that the defendant read the waiver of lien and was aware of its contents from the very fact that he signed the same.
The intent to defraud which is necessary to sustain a conviction under F.S. 1963, Section 811.021, F.S.A., is simply an intent to induce another to part with his property by the use of false or deceptive means when he would otherwise not have done so. Green v. State, supra. In the present case, the falsity of the representation made by the defendant to the bank is clearly shown by the record and in fact is admitted by the defendant in his brief. This alone is sufficient basis to permit an inference by the jury of the requisite intent to defraud, Rosengarten v. State, supra.
The mere fact that the bank received a mortgage from the defendant through the foreclosure of which it might have recovered all or some part of the monies advanced on the basis of the false representation is immaterial to the crime charged. Rosengarten v. State, supra.
The judgment and sentence under Count XIII is affirmed.
The cause is remanded to the trial court for further proceedings in accordance with this opinion.
Reversed, in part; affirmed, in part.
CROSS, REED and OWEN, JJ., concur.
NOTES
[1] The document reads as follows:

"WAIVER OF LIEN
"KNOW ALL MEN BY THESE PRESENTS:
"WHEREAS, the undersigned entered into a contract with BANK OF MELBOURNE & TRUST COMPANY, as General Contractor, for the complete construction, turn-key, of the house or building located at ______ _________ Brevard County, Florida, and
"WHEREAS, the undersigned has completed the Third stage of construction under the terms of the construction loan agreement.
"NOW, THEREFORE, in consideration of the payment by BANK OF MELBOURNE & TRUST COMPANY, to the undersigned, for payment of the L THIRD [sic] construction draw, in the sum of TWENTY TWO THOUSAND TWO HUNDRED AND NO/100  DOLLARS ($22,200.00) the undersigned hereby waives and releases any and all liens, claims, or rights to file any lien or liens to the extent of the payment above referred to against BANK OF MELBOURNE & TRUST COMPANY and the building and premises known as follows:
 "Lots 11, 12, 13, and 14, inclusive, Block B, RIO LINDO,
 according to Plat thereof, as recorded in Plat Book 17,
 Page 52, of the Public Records of Brevard County, Florida.
"The undersigned further states all wages, materials, social security taxes, withholding taxes, sales and use taxes, permits, subcontractors and material men have been fully paid and discharged for all work performed through the third stage of construction; workmen's compensation and other insurance premiums, and all taxes imposed by Chapter 212 Florida Statutes [F.S.A.] (Sales and Use Tax Act) as amended, have been fully paid and discharged.
"The undersigned further agrees to save harmless BANK OF MELBOURNE & TRUST COMPANY harmless, from any matter or thing arising out of the filing of claims or liens by any workman, subcontractor or materialmen in connection with the work performed through said third stage of construction.
"IN WITNESS WHEREOF, the undersigned has executed these presents this 24th day of March, 1964.
 "HAROLD YOUNGKER, SR. and LOUISE
 YOUNGKER, h w, as Mortgagors
"SWORN TO AND SUBSCRIBED BY: s/Harold Youngker, Sr.
BEFORE ME THIS 24th day of
March, 1964.
s/Hilda R. McCollum 
NOTARY PUBLIC
My commission expires: Dec. 5, 1967
(SEAL)"