DOWNEY, Judge.
Appellant and a co-defendant were charged in a single information with grand larceny in the theft of two television sets from a motel. Appellant was tried separately.
The evidence adduced at appellant’s trial was sufficient only to prove the theft by appellant and his cohort of one television set. Further, the evidence adduced as to the value of the set was wholly inadequate to cross the grand larceny threshold of one hundred dollars. Thus, were that the only problem presented we would remand the case to the trial court with directions to reduce the conviction to petit larceny and resentence appellant.
However, appellant maintained he was not present at the scene of the crime, and he proffered as a witness his co-defendant. The state objected to such witness since his name had not been listed on appellant’s witness list. No bad faith was suggested, because appellant only located the code-fendant the day before trial. In addition, the state of course knew that the co-defendant was involved in the case so there could not have been any surprise. Cf. Buttler v. State, Fla.App.1970, 238 So.2d 313. Since identity was in issue the co-defendant’s corroboration could have been vital. Therefore, we think the ends of justice require a new trial, at which time the state will have the opportunity to present proper evidence of value and appellant will have the opportunity to have his alleged alibi corroborated.
In passing we would comment that we see all too many larceny cases with shody attempts at proving value. It would seem to us that if the state cannot adduce adequate proof of value over one hundred dollars it ought to reduce the charge and be done with it. Otherwise, that essen *301 tial issue should be given more attention in the preparation of the cases for trial. On the proof of value in larceny prosecutions see cases cited at 20 Fla.Jur., Larceny, § 75, and Garland v. State, Fla.App.1974, 291 So.2d 678.
Reversed and remanded for a new trial.
OWEN and MAGER, JJ., concur.