317 So.2d 469 (1975)
M.J. WATERMAN a/K/a Mark Jay Waterman a/K/a James Waterman, Appellant,
v.
STATE of Florida, Appellee.
No. 74-883.
District Court of Appeal of Florida, Fourth District.
August 15, 1975.
Gerald Kogan, Miami, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Frank B. Kessler, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Appellant-Waterman was guilty of grand larceny but because of prosecutorial ineptness[1] his conviction must be set aside.
Appellant was president of Tri-County Mortgage Company which was engaged in the business of servicing mortgages. In May, 1969, Mrs. Dora Pierson advanced the sum of $6,000.00 to Tri-County Mortgage Company which in turn delivered that sum to Mr. and Mrs. Pasquale Prignaro as a loan, evidenced by a note and secured by a mortgage on the Prignaro property. Mrs. Pierson was named as mortgagee but the monthly installments were paid to Tri-County which in turn remitted monthly to Mrs. Pierson. Up until June 1, 1972 Mrs. Pierson received from Tri-County an installment payment each month, but when the June 1, 1972 installment was two weeks delinquent inquiry of appellant was made. It developed that not only had Prignaro paid each installment as due, but also on a number of occasions had paid an additional installment, so that by May, 1972, the loan had been repaid in full. Appellant's explanation to Mrs. Pierson as to why she would not be receiving any more payments *470 on the Prignaro mortgage was relatively simple: the note and mortgage had been paid in full by Prignaro and appellant had used the unremitted amount for the support of his family.
The State elected to charge appellant with grand larceny under the provisions of Fla. Stat. § 811.021(1)(a)(1969) in the following language:
"M.J. Waterman ... on the first day of June A.D. 1972, in the County and State aforesaid, did then and there unlawfully take from the possession of the true owner or another person personal property, to wit: Proceeds of mortgage deed and note, the property of Dora Pierson, said personal property being then and there of the value of One Hundred Dollars ($100.00) or more, good and lawful money of the United States of America, in that the said Defendant did then and there obtain such property from possession of the true owner thereof by fraudulent representation, and with the intent to permanently deprive the said Dora Pierson of her property, or the use and benefit thereof, contrary to F.S. 811.021(1)(a)." (e.s.)
Subsequently, under court order to furnish a statement of particulars, the State alleged that the fraudulent representation made by defendant was:
"... that Dora Pierson would receive all monies and/or proceeds due from mortgage deed and note dated May 5, 1969 until full amount of mortgage note was paid to Dora Pierson."
We cannot surmise why the State, with knowledge of the above facts which would clearly support a charge of grand larceny under several of the alternative provisions of Fla. Stat. § 811.021 (1969), elected to restrict itself by allegations of the information and statement of particulars to a charge which the evidence would not support. Nonetheless, the record shows that the only representation made by appellant to Dora Pierson (as set out in the statement of particulars) occurred in May, 1969. Such representation, false and fraudulent though it was, did not pertain to a past or existing fact, but was actually a promise to do something in the future, and thus it will not support the conviction for a fraudulent or false representation or pretense within the meaning of Fla. Stat. § 811.021 (1969). Youngker v. State, 215 So.2d 318 (4th DCA Fla. 1968).
It is our opinion that the court erred in denying appellant's motion for judgment of acquittal at the close of all of the evidence. The judgment is reversed and the cause remanded with directions that appellant be discharged.[2]
Reversed and remanded.
WALDEN, C.J., and DOWNEY, J., concur.
NOTES
[1] Recently we have seen an increasing number of cases before this court in which a conviction has been reversed because the appellant, while obviously guilty of a crime, had not been proven guilty of the crime charged due to ineptness in prosecution. See, e.g., Burman v. State, 316 So.2d 300, 4th DCA Fla., opinion filed July 18, 1975; Stark v. State, 316 So.2d 586, 4th DCA Fla., opinion filed July 18, 1975; Mitchell v. State, 317 So.2d 465, 4th DCA Fla., 1975. Despite the tremendous increase in case load, prosecutors must constantly strive to exert that degree of professional skill and diligence in the preparation of charges and the presentation of evidence in support thereof worthy of the position.
[2] Our disposition of the case makes it unnecessary for us to consider appellant's second point on appeal relating to the defense of statute of limitations.