### OAKHILL HOMES, Inc. v. STATE.
### No. 74-1254.
Circuit Court, Broward County, Criminal Appeal.
June 10, 1976.

Charles W. Musgrove, West Palm Beach, and Maurice M. Garcia, Hallandale, for the appellant.

Jon H. Gutmacher, Assistant State Attorney, for the appellee.

ROBERT W. TYSON, Jr., Circuit Judge.

The defendant-appellant was tried without a jury and convicted of 31 counts of deceptive trade practices, pursuant to Florida Statute 817.771. The trial judge sentenced the appellant to pay a fine of $250 on each count.

The appellant, builder and seller of homes, showed a model to prospective purchasers. Prospective purchasers signed contracts for the homes. The air-conditioners were placed in the homes several months after the contracts were signed. They were of insufficient and lesser capacity than the air-conditioners in the model home. All of the contracts regarding the 31 counts were entered into prior to January 1, 1972, with the exception that the contracts regarding counts 26 and 38 were entered into subsequent to January 1, 1972.

Florida Statute 817.771 reads —

> "Deceptive trade practices are hereby declared to be unlawful . . ."

Florida Statute 817.77(4) reads —

> "Unfair or deceptive practice means any one of the following: . . . (g) representing that goods or services *are* of a particular standard, quality, grade, style, or model if they *are* of another . . . (Emphasis added.)

There are civil penalties for this offense provided in Florida Statute 817.82.

There were no criminal penalties for this offense prior to January 1, 1972. Prior to January 1, 1972, Florida Statute 817.771 read as follows —

> "Deceptive trade practices are hereby declared to be unlawful . . ."

There was no mention in the statute or the chapter as to whether it be a felony or misdemeanor, and there was no penalty provision provided.

The 1971 legislature amended Florida Statute 817.771 to read as follows —

> "Deceptive trade practices are hereby declared to be unlawful *and are misdemeanors of the second degree and are punishable under 775.082 or 775.083 . . .* (Emphasis added.)

This later amendment did not become effective until January 1, 1972, pursuant to Laws of Florida, Chapter 71-136, §1183.

Therefore there was no penalty provision for all of the counts, with the exception of counts 26 and 38, for the reason that the contracts were entered into prior to January 1, 1972.

Further, as to all counts, the Fourth District Court of Appeal in *Youngker v. State,* 215 So.2d 318, on page 323 stated as follows —

> "A fraudulent or false representation or pretense within the meaning of F.S. 1963, Section 811.021, F.S.A., is a false representation of a past or existing fact. Green v. State, Fla. App. 1966, 190 So.2d 614, 616. *A promise to do something in the future, even though it be a false promise, is not a representation of a past or existing fact and will not support a conviction for false pretenses.* Such was the holding of the Florida Supreme Court in Scarlett v. State, 1889, 25 Fla. 717, 6 So.2d 767, under statutory F.S. 1963, Section 811.021, F.S.A., which describes the crime of false pretenses. This rule was reiterated in Morris v. State, 1907, 54 Fla. 80, 45 So. 456." (Emphasis added.)

See also *Colangelo v. State,* 320 So.2d 826.

The judgments of guilt and sentences cannot stand because —

1. *Youngker v. State* is controlling as to all counts, and

2. There was no penalty provision as to all counts, except counts 26 and 28, as of the times of the alleged offenses.

Accordingly, the judgments of guilt and sentences as to all 31 counts are reversed.