392 So.2d 982 (1981)
Norman BIEDERMAN and David Tupper, Appellants,
v.
STATE of Florida, Appellee.
No. 80-819.
District Court of Appeal of Florida, Fourth District.
January 14, 1981.
Rehearing Denied February 11, 1981.
Harlan Street and William S. Isenberg of Law Offices of Harlan Street, P.A., North Miami, for appellants.
*983 Jim Smith, Atty. Gen., Tallahassee, and Ondina Felipe, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
Norman Biederman and David Tupper appeal from their respective judgments and sentences, contending the trial court erroneously denied their motions to dismiss an indictment. We agree and reverse.
Biederman, indicted for two violations of Section 812.021(1)(b), Florida Statutes (1977), the grand larceny statute, moved to dismiss counts I and II[1] on grounds that the indictment was so vague and indistinct as to mislead and embarrass him in the preparation of his defense. The court denied the motion.
Under Florida Rule of Criminal Procedure 3.140(o), an indictment should not be dismissed
unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.
Explaining count I at the hearing on the motion to dismiss, the Assistant State Attorney stated: "What the State is alleging is that Evrocin Incorporated sold merchandise it had bought on credit, to Mr. Melnick; that Mr. Melnick gave cash to an agent of the Defendant, that cash never was placed into the corporate account so that the creditors could be paid. The monies, therefore, which were actually owed to Evrocin, Inc., were misappropriated ... the money never made its way into the company, because the agent and the Defendant, ..., misappropriated." None of this information can be gleaned from the indictment which reflects neither Melnick's status nor Biederman's relationship to Evrocin, Inc. We find the count vague and confusing. Consequently, we hold the indictment failed to adequately apprise Biederman of the offense charged in count I. Count II suffers from the same defects and both counts should have been dismissed.
Biederman and Tupper both moved to dismiss counts III through XX,[2] *984 alleging that the indictment failed to charge a crime because the false representations in question pertained to promises to do something in the future. The trial court denied the motions "because it was the common scheme, ... the intent existed at the time of the purchase, to defraud and to refuse to pay." We reverse. Under present Florida law, a promise to do something in the future, even though defendant never intended to perform the promise when he made it, will not support a conviction for larceny by false pretenses. A false representation of a past or existing fact is essential to charge this particular crime. Scarlett v. State, 25 Fla. 717, 6 So. 767 (1889); Martin v. State, 379 So.2d 179 (Fla. 1st DCA 1980); Dhonau v. State, 276 So.2d 503 (Fla. 4th DCA 1973); Youngker v. State, 215 So.2d 318 (Fla. 4th DCA 1968). The State conceded that the alleged false representations herein referred to promises to perform future acts. The trial court, therefore, erred in denying Biederman's and Tupper's motions to dismiss counts III through XX.
Although not called upon to do so, we observe without deciding that there are various other sections of the statutes which these defendants might have been charged with violating. See Waterman v. State, 317 So.2d 469 (Fla. 4th DCA 1975).
Accordingly, the judgments and sentences appealed from are reversed and the cause remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
LETTS, C.J., and HERSEY, J., concur.
NOTES
[1] I
NORMAN BIEDERMAN Between the 1st day of April, A.D. 1977, and the 31st day of July, inclusively, in the year of our Lord One Thousand Nine Hundred and Seventy-seven, in the County of Broward, State of Florida, then and there, while having in his constructive possession, custody or control, the property of Evrocin Company, Inc., a Florida corporation, towit: money, obtained from William Melnick, being then and there of the value of one hundred ($100.00) dollars or more, good and lawful money of the United States of America, as an agent, bailee, employee, officer of a corporation, or as a person authorized by agreement to hold or take such possession, custody or control, unlawfully appropriated the same to his own use, or to the use of any person other than the true owner entitled to the benefit thereof, with the intent to permanently deprive or defraud the same true owner, to-wit: Evrocin Company, Inc., a Florida corporation, of its property or the use and benefit thereof, contrary to F.S. 812.021(1)(b), F.S. 812.021(2)(a), and F.S. 777.011; and
COUNT II
that NORMAN BIEDERMAN, between the 1st day of July, A.D. 1977, and the 30th day of September, inclusively, in the year of our Lord One Thousand Nine Hundred and Seventy-seven, in the County of Broward, State of Florida, then and there while having in his constructive possession, custody or control, the property of Evrocin Company, Inc., a Florida corporation, to-wit: money, obtained from Harold Garfinkle, doing business as G.W. & L. Discount Center, being then and there of the value of one hundred ($100.00) dollars or more, good and lawful money of the United States of America, as an agent, bailee, employee, officer of a corporation, or as a person authorized by agreement to hold or take such possession, custody or control, unlawfully appropriated the same to his own use or to the use of any person other than the true owner entitled to the benefit thereof, with the intent to permanently deprive or defraud the said true owner, to-wit: Evrocin Company, Inc., a Florida corporation, of its property or of the use and benefit thereof, contrary to F.S. 812.021(1)(b), F.S. 812.021(2)(a), and F.S. 777.011;
[2] III
that NORMAN BIEDERMAN and DAVID TUPPER, between the 5th day of July, A.D. 1977, and the 12th day of August, inclusively, in the year of our Lord One Thousand Nine Hundred and Seventy-seven, in the County of Broward, State of Florida, then and there unlawfully obtained from Barnes-Hind Pharmaceuticals, Inc., a Delaware corporation, the true owner, or from any other person, possession of personal property, to-wit: cases of contact lenses wetting solution, said personal property being then and there of the value of one hundred ($100.00) dollars or more, good and lawful money of the United States of America, in that said NORMAN BIEDERMAN obtained, and DAVID TUPPER aided or abetted the said NORMAN BIEDERMAN in obtaining such property, by color or aid of a fraudulent or false representation or pretense, to-wit: said NORMAN BIEDERMAN falsely represented his intention to pay for such property, with the intent to permanently deprive or defraud the said Barnes-Hind Pharmaceuticals, Inc., a Delaware corporation, of its property, or to appropriate the same to the use of the taker or any other person, as part of a common scheme or plan, contrary to F.S. 812.021(1)(a), F.S. 812.021(2)(a), and F.S. 777.011.
Counts IV through XX contain the same charge except that each count alleges that a different company was defrauded.