DANIEL S. PEARSON, Judge.
We reverse the trial court’s orders finding Lash guilty and withholding adjudication on five counts of theft by use of false pretenses under Section 812.014, Florida Statutes (1977), and its judgment of conviction for one count of engaging in a scheme to defraud to obtain money by false representations under Section 817.035, Florida Statutes (1977).
The State’s evidence, viewed most favorably to it, was that Lash stated to prospective customers of Hampton Construction, Inc., the company with which he was affiliated, that the company was established in 1955. While in truth and in fact, Hampton Construction, Inc. did not become a corporation until 1977, its predecessor, Jay Hampton Construction Company, an unincorporated proprietorship, was established in 1955. This change in form was, however, totally unrelated to the reputation, good performance record, and stability of the company, the qualities which, according to the customer-witnesses, influenced them in purchasing roof repair contracts.[1] Thus, while it was not true that Hampton Construction, Inc., the corporation, began in 1955, that misstatement was, as a matter of law, immaterial[2] since the company, albeit in another form, had been in operation since 1955, which true fact caused the customer-witnesses to part with their money. While the length of time the company had been in business is most certainly a material fact, the representation of that fact is not materially false.[3]
*536 Lastly, the State argues that Lash’s guilt can be found in the fact that the company guaranteed the roof repair jobs and ultimately became financially unable to stand behind its guarantees. We disagree. A promise to do something in the future, e. g., guarantee a roofing job, will simply not support a conviction for false pretenses, Martin v. State, 379 So.2d 179 (Fla. 1st DCA 1980); Paulk v. State, 344 So.2d 304 (Fla.2d DCA 1977); Colangelo v. State, 320 So.2d 826 (Fla. 4th DCA 1975); Waterman v. State, 317 So.2d 469 (Fla. 4th DCA 1975); see Scarlett v. State, 25 Fla. 717, 6 So. 767 (1889), in the absence of evidence that the defendant knew at the time this promise was made that it would not be honored. See McFarland v. State, 368 So.2d 948 (Fla. 4th DCA 1979).[4] There is no such evidence in this record.
Reversed with directions to acquit the defendant.

. The typical testimony of the customers was:
“Q: [Prosecutor]: Showing you State Exhibit No. 1, which is the certificate of incorporation indicating that on the 15th of February, 1977, Jay Hampton Construction, Inc. was first incorporated. Would you have done business with them if you had had that document in your possession?”
* * * * * *
“A: No.
“Q: [Prosecutor]: Why not?
“A: They would not have had a good record, performance record.”
While the State punctiliously argues that the defendant made a false representation when he said “we” have been in business since 1955, when in fact he, Lash, had not become affiliated with Hampton Construction, Inc. until 1977, no customer testified that this statement or fact played any part in the customer’s actions. Similarly, the State did not show, as it might have, that the defendant misled customers into believing that the company had been in the roof repair business since 1955.

. While materiality rests upon a factual eviden-tiary showing, where, as with any other factual showing, no reasonable minded fact-finder could conclude that the representation was material, the court is obliged to conclude as a matter of law that the representation is immaterial. United States v. Ven-Fuel, Inc., 602 F.2d 747 (5th Cir. 1979), cert. denied, 447 U.S. 905, 100 S.Ct. 2987, 64 L.Ed.2d 854 (1980); State v. Bingham, 51 Wash. 616, 99 P. 735 (1909); People v. Whiteman, 72 App.Div. 90, 76 N.Y.S. 211 (1902) (false representation with regard to defendant’s true name is immaterial where such falsity is not what deprived owner of property); cf. Ex Parte Stirrup, 155 Fla. 173, 19 So.2d 712 (1944); Green v. State, 76 Fla. 351, 79 So.2d 712 (1918) (information which fails to show materiality, that is, that false statement induced victim, is defective).

. It is generally stated that to constitute a false pretense, a representation must be one of a material fact, Nelson v. United States, 227 F.2d 21 (D.C. Cir. 1955), cert. denied, 351 U.S. 910, 76 S.Ct. 700, 100 L.Ed. 1445 (1956); 35 C.J.S. *536 False Pretenses § 8 at 816 (1960). Implicit therein is the proposition that the representation must be materially false. Where, for example, the financial condition of a company is concededly a material fact, a false representation concerning that condition cannot constitute a criminal false pretense unless the falsity is itself material. The rule of law, then, is that to constitute a false representation, there must be a material misrepresentation of a material fact.

. The danger of converting every civil wrong into a larceny by false pretenses makes us require that the State prove beyond a reasonable doubt that at the time the defendant made a promise, he had no intention that it would be performed. See People v. Churchill, 47 N.Y.2d 151, 417 N.Y.S.2d 221, 390 N.E.2d 1146 (1979).