## STATE OF FLORIDA v COLE

### Case No. 89-0040-AC A02 (County Court Case No. 89-13602-TC A02)

Fifteenth Judicial Circuit, Palm Beach County

January 5, 1990

### APPEARANCES OF COUNSEL

**Office of the State Attorney,** for appellant.

**Richard Barkin, Esquire,** for appellee.

Before CARLISLE, MILLER, COHEN, JJ.

### OPINION OF THE COURT

J. CARLISLE, Circuit Judge.

BY ORDER OF THE COURT:

The issue in this case is whether Trooper Segalla was under oath when he signed a refusal to submit to breathalyzer test form without raising his hand and swearing to its contents. The facts are that he signed the form and Deputy Shoenstein notarized it. The county court

ruled that Trooper Segalla was not under oath when he executed the form.

We must reverse on the authority of *State v Reed, et al.,* 39 Fla. Supp.2d— (15th Judicial Circuit, 1989).

In *Youngker v State,* (4DCA 1968) 215 So.2d 318, the notary testified that she did not administer any oath and that the only act was the affixing of her seal, signature and stamp.

It is the placing of the arresting officer's signature before a notary that is the unequivocal act by which the arresting officer knowingly attests the truth of his statement and assumes the obligation of an oath. Further, the form involved in *Youngker,* supra, did not state that it was an oath or affidavit. The Fourth District Court of Appeal concluded that Youngker may reasonably have concluded he was signing a bare assertion as distinguished from a sworn statement. In this case, the form begins with the words: "I, Trooper Segalla, affirm . . ." and concludes after the actual allegations with the following:

*Signature of law enforcement officer*

THIS AFFIDAVIT MUST BE NOTARIZED OR AT-
TESTED TO

(F. S. 117.10)

*Signature of attesting officer*

TITLE

DATE

Trooper Segalla, should the matters contain in the refusal form prove to be false, could no more defend against a perjury charge by saving he failed to raise his hand than he could by saying he had his fingers crossed.

The order of the County Court is hereby reversed.

MILLER, J., concur.

COHEN, J., dissent.