898 So.2d 263 (2005)
Johnny BATTLE d/b/a Battle Construction and Amcomp/Pinnacle Benefits Inc., Appellants,
v.
Tim E. GENTRY, Appellee.
No. 1D04-3507.
District Court of Appeal of Florida, First District.
March 17, 2005.
*264 H. George Kagan, Esquire, Miller, Kagan, Rodriguez and Silver, P.A., West Palm Beach, for Appellants.
Michael J. Demarko, Pensacola, for Appellee.
PER CURIAM.
This case comes to us on appeal from an order of the Judge of Compensation Claims (JCC) finding that the claimant's notice of election to be exempt pursuant to section 440.05(3), Florida Statutes (2001), was invalid because of the lack of an oath as the statute requires. Section 440.05(3), provides that certain construction industry workers can exempt themselves from the requirements of workers' compensation law by mailing a written notice of election to be exempt that is notarized and under oath. The JCC found that the form was signed before the notary, but that the claimant had not taken an oath and, therefore, ruled that the claimant was an employee entitled to workers' compensation benefits. We reverse the JCC's order because the JCC's finding that the claimant had not taken an oath is erroneous.
The word "oath" is defined in part as a "solemn declaration, accompanied by a swearing to God or a revered person or thing, that one's statement is true or that one will be bound to a promise," and a "statement or promise made by such a declaration." BLACK'S LAW DICTIONARY 1099 (7th ed.1999). See also Youngker v. State, 215 So.2d 318, 321 (Fla. 4th DCA 1968) (stating "[a]n oath may be undertaken by any unequivocal act in the presence of an officer authorized to administer oaths by which the declarant knowingly attests the truth of a statement and assumes the obligation of an oath"). Section 1.01(5), Florida Statutes (2001), provides that "[t]he word `oath' includes affirmations." The claimant's signed notice of election to be exempt contained a statement in which the claimant affirmed that the information contained on the form was true, and he bound himself to the promise that he would secure workers' compensation benefits for himself. The claimant, therefore, took an oath as section 440.05(3) requires, and the JCC erred in ruling that the notice of election to be exempt was invalid. Accordingly, we REVERSE.
VAN NORTWICK, POLSTON and THOMAS, JJ., concur.