LOPEZ, AQUILINO, Jr., Associate Judge.
On June 30, 1959 an information was filed in the Criminal Court of Record in and for Dade County by Richard E. Ger-stein, State Attorney of the 11th Judicial Circuit of Florida in and for Dade County, charging the defendant, John T. O’Brien, in that “John T. O’Brien of the County of Dade and State of Florida, between the 26th day of November, 1958, and the 27th day of January, in the year of our Lord, one thousand nine hundred and fifty-nine, in the County and State aforesaid, did then and there being a broker, bailee, agent, or trustee of Charles T. Grady, and having in his possession, custody and control certain person [sic] property of Charles T. Grady, to-wit: Six Thousand Five Hundred Fifteen Dollars ($6515.00) Good and Lawful Money of the United States of America, said personal property being the subject of larceny and being of the value of more than One Hundred Dollars ($100.00), good *631 and lawful money of the United States of America, did then and there with intent to defraud and deprive the said Charles T. Grady of said property, unlawfully and feloniously appropriate the same to his own use or to the use of some other person other than Charles T. Grady, contrary to the form of the Statute in such cases made and provided, and' against the peace and dignity of the State of Florida.”
The defendant, appellant herein, was found guilty and sentenced to five years in the State Penitentiary.
The evidence in this case shows that the defendant, appellant herein, was President of Florida Business Opportunities, Inc. which acted as a broker in the sale of various businesses.
That Charles T. Grady, the complaining witness, approached appellant O’Brien about buying a beer and wine business and on November 26, 19S8 a Mr. Lewis, who was employed by Florida Business Opportunities, Inc. showed Grady the Gombay Bar. The defendant informed Grady that it would cost $6,515 and on said date Grady made payment of all but $300 by endorsing two cashiers checks, one of which payable to Charles Grady and the other to Evelyn Grady, and endorsing the same so as to be payable to Florida Business Opportunities, Inc. Escrow Account. On January 15, 1959, Grady paid the balance of $300 with a cashiers check which was payable to Charles Grady and endorsed by him. The check was then endorsed and made payable to Florida Business Opportunities, Inc. As a receipt for the larger sum a deposit receipt was executed in .the name of Florida Business Opportunities by J. T. O’Brien. As a receipt for the smaller amount, O’Brien gave his personal receipt. The deposit receipt, among other things, provided “that the Florida Business Opportunities, Inc. will hold in escrow all monies paid today, until the beverage license is transferred unto the purchasers name.” After much delay Grady took possession of the Gombay Bar in March, 1959 and the balance of the money was paid to the seller, Parker L. Matthews, who had previously on November 26, 1958 been advised by O’Brien or his salesman that the bar had been sold. Mr. Matthews had at various times, while the closing was pending, received advancements from O’Brien. The State offered the escrow account of Florida Business Opportunities, Inc. to show that the sum of $6,215 was deposited on November 26, 1958 and that by January 23, 1959, the balance was $290.09 and that withdrawals could be made by J. T. O’Brien and Evelyn O’Brien. The bank official where the above escrow account was kept, testified that Florida Business Opportunities, Inc. had other escrow accounts and other accounts in the said bank. No testimony was presented as to which person had withdrawn the money.
The information charges the defendant, John T. O’Brien, with larceny of $6,515 entrusted to him by Charles T. Grady and it was drawn under Section 811.021, Fla. Stat, F.S.A., providing for larceny by a broker, bailee, agent, or trustee. The money was given to the corporation and the checks were endorsed by Grady as being payable to Florida Business Opportunities, Inc. The name of the defendant does not appear on the checks nor has the name of the person withdrawing the funds from the escrow account been shown.
The State has failed to prove its case against the defendant and a careful study of the evidence shows that even if the information had been filed under Section 812.04, the evidence is insufficient. Judgment is therefore reversed. Silvestri v. State, Fla.App.1960, 122 So.2d 502; 19 C.J.S. Corporations § 931.
Reversed.
HORTON, C. J., and CARROLL, CHAS., J., concur.