181 So.2d 677 (1966)
Robert RICARD, Appellant,
v.
The STATE of Florida, Appellee.
No. 65-310.
District Court of Appeal of Florida. Third District.
January 18, 1966.
*678 Robert L. Koeppel, Public Defender and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and James T. Carlisle, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and TILLMAN PEARSON and CARROLL, JJ.
TILLMAN PEARSON, Judge.
The appellant was charged with grand larceny (violation of section 811.021(1) (b), Florida Statutes, F.S.A.), and tried before a jury in the Criminal Court of Record of Dade County. At the close of the State's case, the appellant moved for a directed verdict of acquittal, and renewed his motion at the close of all the evidence. Each motion was denied by the court, and appellant was found guilty by the jury. He moved for a new trial upon the ground that the evidence was insufficient. The motion was denied, and he was sentenced to serve two years in the State penitentiary. This appeal followed.
The State presented the evidence of the complaining witness, Mrs. Amalia Iglesias. She testified that, in the Miami office of a corporation known as the Personal Service Bureau, she gave the appellant the sum of $203 which he agreed to deposit in a bank in Jamaica. The purpose of the deposit was to aid her Cuban husband in his attempt to obtain a visa to that island. Later, she discovered that the money was not needed, and she demanded its return. The money had not been deposited in the bank in Jamaica, but the defendant did not tell Mrs. Iglesias of this fact. He told her that he had made the deposit, and that he would get it back for her. For several weeks, she visited him each week and asked for the money. He informed Mrs. Iglesias that it might take three months, six months or a year to get the money. Later, under pressure from her, he stated that he would send a cable to the Jamaica bank and withdraw the money. The cable was prepared in her presence for transmission from his office. Defendant admitted that he did not send the cable, and the State produced evidence that the equipment for sending cables from defendant's office had been removed for more than a month. Defendant repeatedly promised to return the money, and when his promises were not fulfilled, the complaining witness secured the institution of the criminal proceeding.
In response to the testimony offered by the State, the defendant testified that, at the time of the deposit with him, it was impossible to send money directly from the United States to Jamaica. He testified that he had a correspondent in Mexico City, and that he sent the money to this correspondent so that it might be transmitted from Mexico to Jamaica. Further, he responded that the reason he did not send the cable to Jamaica was because he could not contact his correspondent in Mexico City.
The State proved that Mrs. Iglesias gave the appellant the money to open the account for her husband in the Royal Bank of Canada in Kingston, Jamaica. The State also proved that no bank account of any type was ever opened in the Royal Bank of Canada in the name of Mrs. Iglesias' husband.
The appellant urges that it was the duty of the State, in order to make a prima facie case, to show that the money was not transmitted to the agent in Mexico. The State urges that it established a prima facie case, and that the jury simply did not believe defendant's uncorroborated excuse. A great deal of argument on the appeal is *679 taken up with charges as to whether the State or the defendant could have more easily produced witnesses to either substantiate or disprove the defendant's claims.
As in all criminal cases, the State had the burden of proving the accused guilty beyond all reasonable doubt. Eizenman v. State, Fla.App. 1961, 132 So.2d 763. In order to convict the accused of the charge, the State was required to prove that the defendant appropriated the money to his own use, or that of another person other than the true owner.[1] The evidence upon which the State relied to prove this element was that the defendant received the money and that no bank account was ever opened. We hold that this evidence was not sufficient to establish a prima facie case of grand larceny. Therefore, the trial court erred in denying defendant's motions for a directed verdict, and the judgment must be reversed.
A conviction may be had upon circumstantial evidence that is sufficient to support an inference of guilt. But such evidence must be inconsistent with any reasonable hypothesis of innocence, and it is insufficient if it produces nothing stronger than a suspicion of guilt. Cross v. State, 96 Fla. 768, 119 So. 380 (1928); Brown v. State, 127 Fla. 225, 172 So. 921 (1937); Adams v. State, Fla.App. 1958, 102 So.2d 47.
In Allen v. State, Fla.App. 1960, 124 So.2d 741, the court stated that the general rule that a presumption of criminal intent may arise from proof of the commission of an unlawful act does not apply in the case of crimes for which a specific intent is necessary. The court stated that in such cases the burden is upon the State to prove affirmatively, by direct or circumstantial evidence, that the act was done with the requisite specific intent. And in O'Brien v. State, Fla.App. 1961, 128 So.2d 630 this Court held that the evidence was insufficient to sustain a conviction for larceny by a broker, where the State presented evidence that the defendant and another could withdraw funds from an escrow account, and that the balance in the account had decreased over the period of time in question, but failed to show who had withdrawn the funds.
The State would counter these cases with the position that the record contains evidence from which a criminal intent might well be found by the jury. It is pointed out: (1) that when pressed for the return of the money, the defendant made false statements; (2) that he repeatedly changed his position; and (3) that he did not send the cable which would have immediately disclosed the truth of the matter. While the defendant's actions may be reprehensible, these facts are not inconsistent with the innocence of the charge of grand larceny.
Reversed, and the defendant discharged from this cause.
NOTES
[1] Section 811.021, Florida Statutes, provides:

"(1) A person who, with intent to deprive or defraud the true owner of his property or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person:
* * * * *
"(b) Having in his possession, custody or control, * * * any money * * * appropriates the same to his own use, or that of any other person other than the true owner or person entitled to the benefit thereof; * * *
"* * * steals such property, and is guilty of larceny."