HOBSON, Chief Judge.
The appellant appeals a judgment and sentence based on a finding of guilty by a jury of the crime of grand larceny.
At the close of the State’s case the appellant moved for a directed verdict of acquittal, which motion was denied.
The State presented evidence of several of the complaining witnesses which established that they had given the appellant certain sums of monies for the purpose of acquiring a radio station. It was agreed that a corporation was to be formed and the monies were to be deposited into a corporate bank account by the appellant. At the time the monies were turned over to the appellant the corporation had not been formed and it was agreed that Mr. Edwards would accept the monies and hold them in escrow for the corporation and at the proper time deposit said monies in the bank in the name of the corporation. It was also agreed that the complaining witnesses were to receive five shares of stock in the corporation in return for the monies. *141 The State’s testimony further showed that the monies were never deposited in a bank account in the name of the corporation even though the corporation was subsequently formed by the appellant.
Although there was testimony that the appellant was never given any authority to expend any part of the monies given to him, no where in the State’s case was there any proof that the appellant had expended any of said monies.
In substance, the only thing the State proved was that the complaining witnesses gave him monies to open an account and that no bank account was ever opened.
In the case of Ricard v. State, Fla.App. 1966, 181 So.2d 677, under substantially the identical proof by the State as in the case sub judice, the court stated -at pages 678 and 679:
“The State proved that Mrs. Iglesias gave the appellant the money to open the account for her husband in the Royal Bank of Canada in Kingston, Jamaica. The State also proved that no bank account of any type was ever opened in the Royal Bank of Canada in the name of Mrs. Iglesias’ husband.”
* h= * * * *
“As in all criminal cases, the State had the burden of proving the accused guilty beyond all reasonable doubt. Eizenman v. State, Fla.App.1961, 132 So.2d 763. In order to convict the accused of the charge, the State was required to prove that the defendant appropriated the money to his own use, or that of another person other than the true owner.[1] The evidence upon which the State relied to prove this element was that the defendant received the money and that no bank account was ever opened. We hold that this evidence was not sufficient to establish a prima facie case of grand larceny. Therefore, the trial court erred in denying defendant’s motions for a directed verdict, and the judgment must be reversed.”
We hold that the State failed to establish a prima facie case of grand larceny and therefore the lower court erred in not granting the appellant’s motion for a directed verdict at the close of the State’s case.
Reversed and appellant discharged from this cause.
PIERCE and MANN, JJ., concur.

“1. Section 811.021, Florida Statutes, provides :
‘(1) A person who, with intent to deprive or defraud the true owner of his property or of the use and benefit thereof, or to appropriate the same to the' use of the taker, or of any other person:
# He sH * ♦
‘(b) Having in his possession, custody or control, * * * any money * * * appropriates the same to his own use, or that of any other person other than the true owner or person entitled to the benefit thereof; * * * ‘ * * * steals such property, and is guilty of larceny.’ ”