PER CURIAM.
The defendant takes this appeal from an adjudication of guilt for grand larceny in a non-jury trial. He contends that the evidence was insufficient to convict him of grand larceny. In ancillary points, he urges error upon specific determinations of fact made by the trial court upon the basis that the record does not support these determinations.
In brief, and viewed in the light most favorable to the verdict of the finder of fact, the defendant took money in the form of a check made payable to an inmate of the nursing home operated by the defendant. He then used the proceeds of that check for the payment of the expenses of the nursing home.
It is the defendant’s contention that because the victim may have been properly charged with a portion of the proceeds of the check for his own support and because a portion of the funds are still noted on a record of the nursing home as payable to the victim, there can be no larceny. This position is not effective for reversal on this record because under the facts of this case, the defendant was guilty of grand larceny at the time he converted the victim’s money to the use of the nursing home operated by the defendant. It is not necessary to the crime of larceny that the property which is the subject of the larceny be appropriated to the use of the defendant. See the rule in Ricard v. State, 181 So.2d 677, 679 (Fla. 3d DCA 1966); and Section 812.021(1), Florida Statutes (1977).
We have examined the record in the light of the defendant’s arguments on each of the points presented and find that the record supports the adjudication of guilt.
Affirmed.