413 So.2d 1217 (1982)
John C. BREWER, Appellant,
v.
STATE of Florida, Appellee.
No. 81-528.
District Court of Appeal of Florida, Fifth District.
April 14, 1982.
Rehearing Denied May 21, 1982.
*1218 James B. Gibson, Public Defender, and Cynthia Karl-Stamm, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
Appellant, charged with grand theft, appeals the denial of his motion for judgment of acquittal.
In March, 1978, Wayne Allen Parks' house was burglarized and several rings and thirteen guns were stolen. Parks subsequently saw appellant wearing one of the stolen rings. Parks informed the appellant that the ring had been stolen and paid the appellant fifteen dollars for its return. At a later date, appellant approached Parks and informed Parks that the appellant *1219 could purchase Parks' stolen guns for him. Parks gave appellant a thousand dollars with the understanding that appellant would travel to Miami, purchase the guns from the individuals who had stolen them, and return in "a day or two." Appellant took Parks' money, but never returned with the guns or the money and Parks never saw or heard from appellant until after appellant's arrest approximately two and one half years later.
Appellant argues that Parks gave the appellant money to perform a future service and the future service was never performed, therefore the evidence is insufficient to support a conviction of theft, citing Martin v. State, 379 So.2d 179 (Fla. 1st DCA 1980), Edwards v. State, 226 So.2d 140 (Fla. 2d DCA 1969), and Ricard v. State, 181 So.2d 677 (Fla. 3d DCA 1966). In Ricard, the State presented evidence that the victim gave money to the defendant to open a Jamaican bank account, the defendant never opened the account, the victim demanded the money back from the defendant, and the defendant kept putting the victim off with excuses. The jury convicted the defendant of grand larceny but the appellate court reversed, holding there was no evidence that the defendant appropriated the money to his own use or that of another other than the true owner. Similarly in Edwards, the defendant had received money from several people on the premise that a corporation would be formed and the money would be deposited in a corporate bank account. Although the corporation was subsequently formed, the State established the money was never deposited in any corporate account. In reversing the defendant's conviction, the appellate court stated "in substance, the only thing the State proved was that the complaining witnesses gave him monies to open an account and that no bank account was ever opened." Id. at 141. Relying on Ricard, the court held the State failed to establish a prima facie case of grand larceny.
While both Edwards and Ricard involve the old larceny statute, section 811.021, Florida Statutes (1951), the same result has been reached under the present theft statute. In Martin, appellant had contracted to build a house for the complaining witness and had accepted two hundred dollars cash as a down payment. Although the contract did not state the day construction was to begin, the complaining witness testified the commencement was to be one or two days after the payment of the two hundred dollars. Approximately a month and a half after the agreement was signed, the appellant was arrested on a charge of grand theft. Appellant's conviction was reversed on appeal. The appellate court noted both Ricard and Edwards but did not squarely base their decision on those cases. Instead, it noted that that statute encompassed a variety of offenses relating to the unlawful appropriation of property and went on to discuss why none of these various offenses applied to the instant facts. The court held that the evidence did not support a charge of false pretenses since it was not a misrepresentation of a past or existing fact but an alleged false promise to do something in the future; nor did the evidence support a charge of embezzlement or conversion since the down payment, when given to the appellant, became the property of the appellant and lost its character as property of the prosecuting witness. The court then concluded that the State had failed to present a prima facie case of grand theft.
While the above case law supports the appellant's position, we hold it is too narrow a construction of the present theft statute, section 812.014, Florida Statutes (1979). It should be noted that, under the present theft statute, how the property of another is acquired is no longer important. See section 812.012(2), Florida Statutes (1979). Thus, regardless of how the property is acquired, if the defendant has the requisite intent, he is guilty of the crime of theft.
Although the State must prove intent just as any other element of a crime, Uber v. State, 382 So.2d 1321 (Fla. 1st DCA 1980), a defendant's mental intent is hardly ever subject to direct proof. Instead, the State must establish the defendant's intent (and a jury must reasonably attribute such intent) based on the surrounding circumstances *1220 in the case. Keeping in mind the test to be applied to a motion for judgment of acquittal,[1] a trial court should rarely, if ever, grant a motion for judgment of acquittal based on the state's failure to prove mental intent. In the instant case, the State established that Parks had given the thousand dollars to the appellant on the appellant's stated intention that he would go to Miami, use the money to buy back Parks' guns, and would return "in one or two days." Appellant subsequently disappeared for over two and a half years, never offered to return the money, never acquired Parks' guns, and Parks did not see or hear from appellant until after his arrest. Under these facts, the trial court did not err in denying the appellant's motion for judgment of acquittal.
Appellant has filed a motion for leave to file a supplemental brief claiming that the information charging theft in this case was defective because it did not allege that appellant obtained or used the property of another with the intent to permanently deprive the owner or possessor of a right to the property or a benefit therefrom or with the intent to permanently appropriate the property, citing Baxley v. State, 411 So.2d 194 (Fla. 5th DCA 1981). We understand the argument proposed to be made in a supplemental brief, but conclude that Baxley does not mandate reversal here. Baxley was concerned with the interpretation of section 812.014(1)(a) and (b), Florida Statutes (1979), in view of certain prior decisions cited therein. It did not consider the great difference in law between an information that wholly fails to allege an essential constituent element under circumstances where that omission results in an information that wholly fails to charge a crime[2] and an information which attempts to allege a necessary element and does so imperfectly in some detail or degree but sufficient to meet jurisdictional concepts and constitutional standards. In the first instance, the total omission goes to the jurisdiction of the trial court and the failure to provide constitutional requirements. Such a failure is therefore fundamental and the defect can be raised for the first time on appeal without having been preserved by presentation to the trial court and without a showing of harm. On the other hand, the latter type of imperfect or incomplete allegation of an essential element of a crime must be raised in the trial court or it is deemed waived, Florida Rule of Criminal Procedure 3.140(o) and 3.190(c), and errors in rulings relating thereto may be subject to the harmless error statutes, sections 59.041 and 924.33, Florida Statutes (1981). See Gray v. State, 404 So.2d 388 (Fla. 5th DCA 1981) (citing with approval State v. Fields, 390 So.2d 128 (Fla. 4th DCA 1980)). In Baxley, unlike in the instant case, the defect in the information was properly raised in the court below by a motion to dismiss the information.
In this case the information, charging theft in the usual manner, not only alleges that appellant committed certain acts,[3] but that such acts were committed with a specific intent, that is, with the *1221 intent to deprive the owner of his rights to the property or a benefit therefrom or with the intent to appropriate the property to the use of appellant or some other person not entitled thereto. Although, as we held in Baxley, this allegation of the element of a specific intent should properly have alleged the word "permanently" before the words "deprive" and "appropriate," nevertheless, such defect is not the total omission of the entire essential element of a specific mental intent. Therefore, it was waived by the failure to attack it by motion in the trial court. Even if raised in the trial court, an error made in denying such a motion directed at the correction of an imperfect or incomplete allegation of an essential element may be subject to the harmless error statutes. Accordingly, appellant's motion for leave to file a supplemental brief is hereby denied and the order denying the appellant's motion for judgment of acquittal is affirmed.
Believing that a consideration by the full court was desirable in this case, all of the judges of this district court of appeal agreed that this case be determined en banc. See Fla.R.App.P. 9.331(a) and (b).
AFFIRMED en banc.
DAUKSCH, C.J., and ORFINGER, COBB, FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.
NOTES
[1] defendant, in moving for a judgment of acquittal, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. The courts should not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Where there is room for a difference of opinion between reasonable men as to the proof or facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the Court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail and not primarily the views of the judge.
Lynch v. State, 293 So.2d 44, 45 (Fla. 1974).
[2] Sometimes, of course, the failure to allege an essential constituent element of a greater offense may still leave the information sufficient to charge a lesser crime. Jurisdiction may even then still be a problem if, for instance, the lesser crime is but a misdemeanor, jurisdiction for the trial of which is not in the same court having jurisdiction to try the greater offense.
[3] The essential acts are "obtains or uses" as those terms are defined in section 812.012(2), Florida Statutes (1979).