COWART, Judge.
Appellant, a licensed masseur, was convicted of five counts of attempting to practice chiropractic without a license in violation of section 460.411(l)(a), Florida Statutes.
The factual issue in this case was whether appellant intended to manipulate soft body tissue, which he as a licensed masseur was authorized to do, or whether he wrongfully intended to manipulate bones, which is the practice of chiropractic, which he was unauthorized to do. According to the evidence in this case, the intent of chiropractic is to manipulate bones or osseous body tissue in order to realign it, the success of which is signified by the occurrence of an audible click or crack or similar sound.
Although the ultimate issue involves the appellant’s mental intent which is rarely, if ever, susceptible of direct proof[1], in this particular case we find no competent, substantial evidence of such intent. There was no direct evidence, and no circumstantial evidence from which the jury could reasonably infer, that appellant intended by his manipulations to produce an audible click signifying the realignment of osseous or bony tissue, as distinguished from his rightful intent to produce results from manipulation only of the superficial tissues of the body and its underlying musculature. Accordingly, appellant’s convictions are
REVERSED.
COBB and SHARP, JJ., concur.

. See Brewer v. State, 413 So.2d 1217 (Fla. 5th DCA 1982), rev. denied, 426 So.2d 25 (Fla.1983).