KAHN, Judge,
dissenting.
The court, relying upon State v. Law, 559 So.2d 187 (Fla.1989), Staten v. State, 519 So.2d 622 (Fla.1988), and Brewer v. State, 413 So.2d 1217 (Fla. 5th DCA 1982), affirms appellant’s delinquency adjudication. I respectfully disagree, and would reverse.
*448 As acknowledged by the majority, the rule applicable to an aider and abettor requires proof that the accused intended to participate in the crime. In the present case, the state relied entirely upon circumstantial evidence to prove intent. Accordingly, the majority looks to Law, supra, the supreme court’s recent enunciation of the “special standard of review of the sufficiency of the evidence” where conviction is based entirely upon circumstantial evidence. 559 So.2d at 188. The standard established in Law, however, requires as a procedural threshold that the state “introduce competent evidence which is inconsistent with the defendant’s theory of events.” 559 So.2d at 189 (e.s.). While setting out this legal principle in its opinion, the majority fails to heed it.
Although the supreme court in Law expressly refused to adopt a requirement that would force the state, in a circumstantial evidence case, to rebut conclusively every possible variation of events which could be inferred from the evidence, the court nonetheless reaffirmed the familiar rules applicable to this class of cases:
Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.... A motion for judgment of acquittal should be granted in a circumstantial evidence case if the state fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt.
559 So.2d at 158.
The hypothesis of innocence advanced in support of appellant’s motion for judgment of acquittal involved no mental gymnastics or contortion of the facts and inferences available from the evidence. Appellant’s counsel stated to the trial court, in rather straightforward terms, “When he sees other people taking stuff, he gets nervous and he is looking around like oh, no, what is going to happen? Am I going to get in trouble because those guys are stuffing this stuff in their pockets? ... It could have been that they intended to go in and maybe buy some condoms. That is not something that a teen-age boy is real eager to do these days. In fact it’s kind of embarrassing.”
In my view, this theory advanced by counsel required entry of a judgment of acquittal. I would suggest that Staten and Brewer, supra, do not support the majority’s view.
In Staten, the state proved that the defendant drove a car in which three of her companions fled after committing robbery and murder. In upholding Staten’s conviction the supreme court noted evidence that Staten was present on numerous occasions when the proposed robbery was planned, and also that the group actually discussed the robbery as they drove to the scene to execute the plan. Staten waited in the car across the street while the robbery and murder took place and then drove the getaway car. These factors properly allowed an inference sufficient to prove intent.
Brewer, in my opinion, has no application to the present facts. Brewer was convicted of theft after he induced the victim to turn over $1,000 with the understanding that Brewer would take the money to purchase some guns and return the guns to the victim. Brewer took the money, but never returned with the guns or the money. The issue passed upon in Brewer was whether this evidence was sufficient for the jury to determine the defendant’s mental intent to commit the crime of grand theft. I would respectfully suggest that nothing in Brewer supports the present result.
I believe we should be bound by our decision in C.P.P. v. State, 479 So.2d 858 (Fla. 1st DCA 1985). In that case we reversed an adjudication of delinquency where appellant admitted his presence in an automobile for 2V2 hours while two companions left the car and burglarized a nearby store. Appellant admitted having prior knowledge that the two others intended to burglarize the store, and further admitted that yet another companion remained in the car for the purpose of serving as a lookout. In my view, the facts of C.P.P. go far beyond the facts in the present case.
*449 Here, the evidence consisted solely of brief testimony provided by a store security guard. According to the witness, appellant and his companions entered the store and headed directly to the condom display. A.B.G. stood very close to his companions, directly facing the condom display. The witness never indicated that he saw any signs of nervousness, hesitance, or discussion among the boys before two of them began to remove condoms from the rack. The witness noted that after two of the boys removed condoms, A.B.G. looked around four or five times. The witness did not testify to any actions consistent with lookout type behavior prior to the time the two boys removed the condoms. The security guard’s testimony is clear that A.B.G. began to look back and forth only after two of the other boys began to remove boxes of condoms.
I am unpersuaded by the evidence relied upon by the majority to support a finding of criminal intent. Proof that appellant, along with the others, walked directly to the condom display, stood close to his companions, and looked back and forth repeatedly as two of the other boys took merchandise strikes me as equivocal at best. The act of walking directly to the condom display, without any exhibition of nervousness or hesitance, is to me equally consistent with an intent to purchase condoms as it is with a contrary intent. The fact that appellant did not look around nervously, until after one of the others actually took something off the rack, appears quite consistent with appellant’s plea that he was surprised and frightened when he realized the boys were going to steal something. While I agree with the majority that it is the function of the trier of fact to make the ultimate determination of whether the evidence relied upon by the prosecution is sufficient to exclude very reasonable hypothesis of innocence beyond a reasonable doubt, I would be guided by the requirement set out by the Supreme Court in Law, which holds the state to its threshold burden of producing evidence inconsistent with the defense theory. It simply will not do to produce evidence equally consistent with the theory of the state and that of the defense.
The law, for better or worse, places no burden upon one in appellant’s position to dissociate himself from the perpetrators of a crime, even after he has knowledge that the others are committing a crime. The burden, rather, is placed squarely upon the prosecution to prove appellant’s intent to participate in the crime. I have searched the record in vain for any legally sufficient proof of intent, and finding none, I would reverse.