HARRIS, Judge.
The Wildwood Police Department appeals the summary judgment denying its forfeiture of $25,300 in cash. The court entered summary judgment on the basis *60 that although “petitioner established probable cause” to require Wyatt to show cause why the funds should not be forfeited, it did not controvert Wyatt’s affidavit that the cash was legally acquired. Because we agree with appellant that the source of the funds, under the statute relied on herein for forfeiture, is irrelevant, we reverse.
Although section 932.703, Florida Statutes (1989) only permits forfeiture of property “which has been or is being used in violation” of law, section 932.701(2)(a) relied on herein, permits the forfeiture of “currency ... which ... is intended to be used” in a drug transaction. It is apparent from the record that appellant was not urging that the cash was illegally obtained, but that it was intended to be used to purchase drugs in Miami. The court improperly focused on the source of the funds.
The trial court also held that the officer’s statement in the affidavit that the money was intended to be used in an illegal narcotics transaction was not based on personal knowledge. How do you ever have personal knowledge of someone else’s intent? [1] The statement was merely the officer’s conclusion based on his previously stated facts. The question before the trial court was whether, based on those uncontested facts, Wyatt was entitled to a summary judgment. These facts included:
1. Wyatt was traveling to Miami with $25,300 cash in denominations and packaged in a way common in drug transactions in the trunk of his car.
2. He and his passenger (his son) gave conflicting reasons for the trip to Miami.
3. Weapons were found in his car (one under the driver’s seat).
4. He was traveling to Miami in the company of a second vehicle, yet denied his knowledge of the second vehicle or its occupants.
5. The right to possession of the second vehicle was in doubt.
6. Small amounts of cocaine were found in the second vehicle.
The court made no ruling on the sufficiency of these facts. It rather decided the issue on the fact that the funds were legally acquired. This was error.
REVERSED and REMANDED for further action consistent with this opinion.
GRIFFIN and DIAMANTIS, JJ., concur.

. Brewer v. State, 413 So.2d 1217 (Fla. 5th DCA 1982), rev. denied 426 So.2d 25 (1983).