620 So.2d 1015 (1993)
David BEAL, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 91-2245.
District Court of Appeal of Florida, First District.
May 3, 1993.
Rehearing Denied July 23, 1993.
Nancy Daniels, Public Defender, and Josephine L. Holland, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
In this criminal appeal, appellant David Beal, Jr., challenges his convictions on the charges of grand theft and grand theft of over $20,000.00. We reverse and remand for a new trial.
The state charged appellant with three counts of grand theft and one count of grand theft of over $20,000.00 in connection with alleged fraudulent business transactions occurring on September 22, 1989, October 3, 1989, October 16, 1989, and December 12, 1989. Taken together, the charges suggest that appellant engaged in a pattern of entering into contracts to perform various types of home construction work, accepted substantial down payments to perform the work, made only a token effort at performance, and failed to perform *1016 the work at all times, as the state asserted below, with the criminal intent to deprive the homeowners of the money received for the work. At trial, the trial court granted appellant's motion for judgment of acquittal as to count IV, the December 12, 1989, incident. The jury returned a verdict of not guilty as to count I, the September 22, 1989, incident. Appellant was found guilty on the two remaining counts. This opinion, therefore, addresses only the two charges for which appellant was convicted.
On appeal, appellant raises four issues: (1) whether the trial court erred in denying appellant's motion for judgment of acquittal arguing that the state failed to present sufficient evidence to send the case to the jury; (2) whether the trial court abused its discretion in denying appellant's motion to sever the four counts of the information; (3) whether the trial court erred in admitting the similar fact evidence offered by the state and in refusing to admit the similar fact evidence offered by appellant; and, (4) whether certain comments made by the prosecutor at trial were improper and prejudicial, thereby constituting fundamental error and warranting a new trial. We find no merit with respect to the first issue raised and because of our disposition, find it unnecessary to address the fourth issue.
At trial, the state offered into evidence the testimony of two South Carolina residents who testified that appellant accepted their down payments for home construction work but failed to make a reasonable effort to perform the work. We find that the trial judge did not err in admitting this Williams Rule[1] evidence.[2] On the other hand, appellant proffered the testimony of a witness who was prepared to testify that he had engaged appellant to perform substantial renovations on a commercial building which he owned. The witness stated that he paid a portion of the contract price when the building materials arrived and the remainder in weekly installments as the work progressed. The witness stated that he was completely satisfied with appellant's work.[3] The trial court refused to allow this defense witness to testify before the jury because he considered such testimony character evidence inadmissible to prove that appellant acted in conformity with this character trait (honesty) on the particular occasions in question, citing Section 90.404, Florida Statutes. The trial court erred in this regard.
Where character or a particular character trait of a person is an essential element of a charge, claim, or defense, proof may be made of specific instances of his or her conduct. § 90.405(2), Fla. Stat. (1989); Tallahassee Furniture Co., Inc. v. Harrison, 583 So.2d 744, 760 (Fla. 1st DCA 1991). In the case at bar, the state incorrectly argues that dishonesty is not an essential element of theft. While it may be true that some types of theft do not require the commission of a misrepresentation or other dishonest act as an essential element of the crime, Florida's theft statute encompasses various types of theft, the elements of which are not altered because of their inclusion in the generic theft statute, Section 812.014, Florida Statutes, (1989).[4] In the present case, the crimes for which appellant was charged may be categorized as theft by false pretenses, an essential element of which is false representation of a past or existing fact, Latti v. State, 364 So.2d 828 (Fla. 2d DCA 1978), or *1017 willful misrepresentation of a future act, or false promise. § 812.012(2)(c), Fla. Stat. (1989). Because dishonesty is an essential element of the crimes for which appellant was charged, the trial court erred in refusing to admit the proffered testimony of appellant's witness who would have testified to a specific instance of appellant's honest conduct and faithful performance of a construction contract.[5] Such error requires reversal of appellant's convictions and remand for a new trial.[6]
On remand, the trial court may be required to revisit the question of the severability of the charges against appellant. The trial court denied appellant's motion to sever the charges against him, opining that the state was entitled to "bunch them all together if there is a thread of connection in the modus operandi." In so doing, the trial court employed an incorrect legal standard. Florida Rule of Criminal Procedure 3.150 provides in pertinent part:
(a) Joinder of Offenses. Two or more offenses which are triable in the same court may be charged in the same indictment or information in a separate count for each offense, when the offenses, whether felonies or misdemeanors, or both, are based on the same act or transaction or on two or more connected acts or transactions.
Joinder of criminal offenses is not warranted where the charges are based on similar but separate episodes, separated in time, which are "connected" only by similar circumstances and the accused's alleged guilt in both or all instances. Paul v. State, 385 So.2d 1371 (Fla. 1980) (adopting Paul v. State, 365 So.2d 1063, 1065 (Fla. 1st DCA 1979) (Smith, J., dissenting)). In determining whether two or more acts or transactions are connected, the court must consider the temporal and geographic association of the offenses, and the manner in which they were committed. Warren v. State, 475 So.2d 1027 (Fla. 1st DCA 1985); see Hoxter v. State, 553 So.2d 785 (Fla. 1st DCA 1989) (finding denial of severance reversible error where five very similar crimes involving different victims committed over eight month period); McMullen v. State, 405 So.2d 479 (Fla. 3d DCA 1981) (on motion for rehearing) (finding denial of severance reversible error where five robberies occurred within nine days, four of five involved well-known fast food restaurants and all occurred in the northwest quadrant of Dade County); Macklin v. State, 395 So.2d 1219 (Fla. 3d DCA 1981) (finding denial of severance reversible error where offenses occurred within five days, at locations less than one block apart, and had the common object of robbing taxicab drivers summoned by phone); cf. Solomon v. State, 596 So.2d 789 (Fla. 3d DCA 1991) (finding sale of drugs within 1,000 feet of a school and possession of drugs in defendant's apartment episodically connected in part because in both instances the apartment was the storage place for the drugs); Warren v. State, 475 So.2d 1027 (Fla. 1st DCA 1985) (affirming joinder of sexual abuse offenses involving one household, same family members, a time frame of only a few days, and the same adult perpetrator). If the question of severability is presented on remand, the trial court should consider the above authority in deciding whether to sever the charges against appellant.
In addition, we wish to make clear that our opinion in Spivey v. State, 533 So.2d 306 (Fla. 1st DCA 1988), does not stand for the proposition that an erroneous denial of a defendant's motion to sever must be considered harmless error where evidence of the consolidated charges would be admissible in any event under the Williams Rule.[7] In Spivey, we affirmed the trial court's denial of appellant's motion to sever on the ground that the trial judge *1018 properly concluded "that the offenses at issue were `close enough' temporally, geographically, and factually to qualify as `connected acts or transactions' and thus to be `related offenses' properly chargeable in a single indictment and triable together." Id. at 308. Thus, any further pronouncement in Spivey to the effect that the question of severability on the one hand and admissibility of Williams Rule evidence on the other is determined in substantially the same fashion must be considered dictum. While the results of these inquiries may be the same in a given case, we reiterate that the admissibility of Williams Rule evidence involves, inter alia, a weighing of the probative value of the evidence against its prejudicial effect and requires that the similar fact evidence not become the feature of the trial. Accordingly, appellant's convictions are reversed and the case remanded for a new trial.
REVERSED and REMANDED.
MINER, WOLF and KAHN, JJ., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
[2] On remand, we remind the trial court that a finding that similar fact evidence is relevant to the determination of a fact at issue does not end the inquiry as to the admissibility of such evidence. The probative value of the Williams Rule evidence must be weighed against its prejudicial effect, and the evidence must not be allowed to become the feature of the trial. We note that appellant does not argue on appeal that the Williams Rule evidence admitted below became the feature of his trial and by this reminder, we do not mean to intimate that such was the case.
[3] Appellant also asserted that other witnesses were available and prepared to testify in a similar fashion.
[4] We express no opinion as to what constitutes a crime of "dishonesty" for purposes of impeachment under Section 90.610(1), Florida Statutes.
[5] Moreover, the admissibility of such testimony is not contingent upon the trial court's admission of the state's Williams Rule evidence.
[6] On remand, evidence of the two theft charges for which appellant was acquitted may not be admitted under the Williams Rule in the retrial. Burr v. State, 576 So.2d 278 (Fla. 1991) (citing State v. Perkins, 349 So.2d 161, 163-164 (Fla. 1977)).
[7] We have frequently encountered this argument in the state's briefs in other cases.