676 So.2d 1010 (1996)
STATE of Florida, Appellant,
v.
Jonathan HURLEY, Appellee.
No. 95-00694.
District Court of Appeal of Florida, Second District.
June 21, 1996.
Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, Bartow, and Megan Olson, Assistant Public Defender, Clearwater, for Appellee.
WHATLEY, Judge.
The State of Florida appeals the trial court's order granting Jonathan Hurley's motion for judgment of acquittal after a jury verdict. We agree with the state and conclude that there was sufficient evidence of grand theft to sustain the jury's verdict. We reverse the order, remand the case, and direct the trial court to enter a judgment in accordance with the jury's verdict.
In September 1993, Hurley sold recreational vehicles for Giant Recreation World. During that month, Hurley met John P. Scheuren, who wanted to purchase a recreational vehicle called the Clairion. Giant Recreation World did not have a Clairion on their lot, but Hurley agreed to contact Scheuren if he found the vehicle.
In October 1993, Hurley called Scheuren and told him that he had found a Clairion at a dealership in Georgia. Hurley stated that he needed a $1,000 deposit to send to the dealer. The purpose of the deposit was to hold the vehicle and to make arrangements for Hurley and Scheuren to visit the dealership. Scheuren gave Hurley a check for $1,000. At Hurley's request, the check was made out to him.
Before Hurley picked up the check, he left his employment at Giant Recreation World. However, Scheuren testified that Hurley never informed him that he was no longer employed by Giant.
After the trip to the Georgia dealership was postponed, Hurley requested and received from Scheuren an additional $1,000 deposit on the vehicle. After this last meeting *1011 with Hurley, Scheuren became suspicious, asked to cancel the deal, and requested the return of the $2,000. Hurley refused to return the money.
Dennis Charron, Hurley's supervisor, testified that Hurley told him about the Clairion that he located in Georgia. However, he told Hurley not to go forward with the deal. Charron also testified that it was the policy of the company that deposit checks were never made out to the salesperson, and if a deal was canceled, the deposit was returned to the customer.
Richard Barraclough, the salesperson at the Georgia dealership, testified that Hurley told him that he would send a deposit for the vehicle. A $1,000 deposit was required to hold the vehicle. He never asked Hurley for a $2,000 deposit. Barraclough never received a deposit from Hurley.
During a subsequent phone call with Hurley, Hurley told Barraclough that he was no longer employed by Giant Recreation World. Hurley also told him that he had not sent the deposit because he was still trying to get the money from Scheuren. Barraclough never heard from Hurley after that call.
Hurley was charged with two counts of grand theft. A jury found Hurley guilty as charged. Thereafter, the trial court granted Hurley's motion for judgment of acquittal as to both counts. This was error.
A person commits theft by knowingly obtaining or using another's property with the intent to, either temporarily or permanently, appropriate the property to his own use. § 812.014, Fla. Stat. (1993). A person "obtains or uses" property by obtaining the property by fraud, willful misrepresentation of a future act, or a false promise. § 812.012, Fla. Stat. (1993).
Here, the state attempted to prove the element of intent with circumstantial evidence. In a case involving circumstantial evidence, a conviction may not be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence. Green v. State, 667 So.2d 208 (Fla. 2d DCA 1995).
In Beal v. State, 620 So.2d 1015 (Fla. 1st DCA 1993), the court addressed a motion for judgment of acquittal in a theft case. In Beal, the defendant entered contracts to perform home construction work, he accepted down payments to perform the work, he made a token effort at performance, and he failed to perform. The Beal court found that the trial court correctly denied the defendant's motion for judgment of acquittal, because there was sufficient evidence of grand theft to send the case to the jury.
In Brewer v. State, 413 So.2d 1217 (Fla. 5th DCA 1982), review denied, 426 So.2d 25 (Fla.1983), the victim gave the defendant money with the understanding that the defendant would purchase guns for the victim. The defendant never returned with the guns or the money, and the victim never saw him again until his arrest over two years later. In Brewer, the court affirmed the denial of the defendant's motion for judgment of acquittal and held that intent is hardly ever subject to direct proof and must usually be established by surrounding circumstances. The Brewer court ruled, "Keeping in mind the test to be applied to a motion for judgment of acquittal, a trial court should rarely, if ever, grant a motion for judgment of acquittal based on the state's failure to prove mental intent." 413 So.2d at 1220.
In the present case, Hurley argued that the money he received from the victim was given to him as a deposit, and there was no proof that he intended to take the money. Therefore, he contends the evidence was not inconsistent with his reasonable hypothesis of innocence. We disagree.
Hurley willfully misrepresented to the victim that he would send the money to the Georgia dealership as a deposit. See § 812.012, Fla. Stat. (1993). Instead, he appropriated the money to his own use by cashing the check and keeping all of the money. See § 812.014, Fla. Stat. (1993). Further, he refused to return the money when Scheuren said that he wanted to cancel the deal. This evidence was inconsistent with Hurley's hypothesis of innocence that he did not intend to take the money. Therefore, it was error for the trial court to grant his motion for judgment of acquittal.
Accordingly, we reverse the trial court's order granting the motion for judgment of *1012 acquittal, remand the case, and direct the trial court to enter a judgment in accordance with the jury's verdict.
SCHOONOVER, A.C.J., and BLUE, J., concur.