766 So.2d 454 (2000)
Susan McGEOUGH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D98-3263.
District Court of Appeal of Florida, Fourth District.
August 30, 2000.
Richard L. Jorandby, Public Defender, and Christopher A. Haddad, Assistant *455 Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
Appellant asserts that the state failed to prove a prima facie case of intent to commit grand theft by her failure to remit the victim's deposit given to Appellant in connection with a cruise booking. We disagree and, accordingly, affirm Appellant's conviction and sentence.
The trial included testimony that one of the victims (Dickerson) contacted Appellant to book a cruise for herself and the other victim, her daughter (Holt). Appellant advised Dickerson that she needed to make a $1,000 total deposit. Dickerson initially paid Appellant $700 ($500 in cash and $200 in a check from Holt). Thereafter, Appellant advised Dickerson that she had advanced $300 for them by forwarding a company check in order to book the reservation. Appellant asked Dickerson to reimburse her at that time, which Dickerson did, paying in cash, for which Appellant gave a receipt.
The cabins were never reserved because Appellant never paid any part of the $1,000 deposit to the cruise company agent. The cruise agent refused to accept any balance of payment from the victims as it had not been paid the initial deposit and, further, Appellant had told the cruise agent not to speak to the victims. Dickerson and Holt made several attempts to contact Appellant regarding the deposit, but Appellant did not answer their calls. The deposit was never tendered or returned. There was also some evidence indicating a personal motive for Appellant's conduct, as Appellant was dissatisfied with certain work one of the victim's husbands had previously performed on her vehicle.
At the conclusion of the state's case, the trial court denied Appellant's motion for judgment of acquittal. A party moving for judgment of acquittal admits the facts and evidence adduced, as well as every conclusion favorable to the adverse party that may fairly and reasonably be inferred from the evidence. See Spinkellink v. State, 313 So.2d 666 (Fla.1975); Lynch v. State, 293 So.2d 44 (Fla.1974).
A necessary element of theft is that the defendant must have had the specific intent to commit the theft at the time of, or prior to, the commission of the act of taking. See § 812.014, Fla. Stat. (1991); Stramaglia v. State, 603 So.2d 536, 538 (Fla. 4th DCA 1992). However, proof of such felonious intent is rarely the result of direct proof. Rather, it is necessarily established by circumstantial evidence found in the surrounding circumstances of the event. See Brewer v. State, 413 So.2d 1217 (Fla. 5th DCA 1982).
In Brewer, the victim paid the defendant $1,000 to recover several guns that were taken from his home. The defendant accepted payment and immediately disappeared until his arrest more than two years later. The defendant never offered to return the money and never acquired the guns. The Fifth District upheld the conviction of grand theft, noting that the defendant's lack of effort to perform after receiving the money was sufficient evidence of criminal intent. Id. at 1219-20.
The authorities relied on by Appellant, Crawford v. State, 453 So.2d 1139 (Fla. 2d DCA 1984), and Martin v. State, 379 So.2d 179 (Fla. 1st DCA 1980), are inapposite.
Martin involved a defendant who had agreed to construct a building for the complaining witness. There was conflicting testimony as to when construction was to begin. Before the defendant began construction, a warrant was issued for the defendant's arrest, following which the defendant made no further effort to perform. The First District reversed the grand theft conviction, citing Berney v. State, 38 So.2d *456 55 (Fla.1948), a case where the complainant had given the defendant a partial payment on a construction contract and the defendant failed to perform, for the proposition that money paid to a defendant as an advance part payment on a contract does not retain its character as property belonging to the payor. Martin, 379 So.2d at 182.
In Crawford, the complaining witness had given the defendant a partial payment on a contract, under which the defendant was to fix the homeowner's roof. The homeowner paid the defendant $240 to enable him to purchase materials. He returned the next day with only a bucket of tar and a helper. The homeowner became upset, fired the defendant, and asked for her money back. The defendant said he would return the money but failed to do so. The Second District reversed the grand theft conviction, also citing Berney.
In the instant case, however, the $1,000 was not given to Appellant as partial payment on a contract to be performed in the future by the defendant. Here, the deposit was requested by Appellant, as the victim's agent, to be forwarded to a third party, and there is evidence, albeit circumstantial, of specific intent to steal at the time of payment.
In State v. Hurley, 676 So.2d 1010 (Fla. 2d DCA 1996)(en banc), the defendant was convicted of grand theft under analogous circumstances. There, the defendant sold recreational vehicles for a firm called Giant World. The victim wanted a vehicle model that was not available on the lot. The defendant subsequently advised the victim that he had located one in another state and told the victim that he required a $1,000 deposit to send to the dealer in the other state. At the defendant's request, a deposit check was made out to him personally. At about the same time, and without advising the victim, the defendant left his employment. The defendant subsequently obtained an additional $1,000 deposit for the vehicle from the victim. There was also evidence that the defendant's previous supervisor had told him not to go through with the transaction, that it was not company policy for checks to be made out to a sales agent, that the defendant told the out-of-state dealer that he had not sent in the deposit because the victim had not paid it yet, and that the defendant refused the victim's request to refund the deposit.
The court, in Hurley, recognized that the circumstantial evidence was inconsistent with the defendant's hypothesis of innocence, that he did not intend to steal the deposit, and was sufficient evidence of felonious intent to withstand a motion for judgment of acquittal. See id.
We conclude, in this case, that there is evidence which is both inconsistent with Appellant's hypothesis of innocence and sufficient to support a conclusion that Appellant intended to deprive the victims of their property when she took the deposit money from them. Accordingly, it was not error to deny the motion for judgment of acquittal.
KLEIN, J. and OWEN, WILLIAM C., Jr., Senior Judge, concur.